## 19977

Hill RIVERS, Appellant, v. J. W. STRICKLAND, Warden, State of South Carolina, Respondent

(213 S. E. (2d) 97)

*Eva H. Brunson, Esq.,* of Allendale, *for Appellant,*

*Messrs. Daniel R. McLeod, Atty. Gen., Emmet H. Clair* and *Stephen T. Savitz, Asst. Attys. Gen.,* of Columbia, *for Respondent,*

*Eva H. Brunson, Esq., of Allendale,* for Appellant, *in Reply.*

March 25, 1975.

Moss, Chief Judge:

Hill Rivers, the appellant herein, at the 1972 October Term of the Court of General Sessions for Allendale County, entered a plea of guilty to a charge of assault and battery with intent to kill and was sentenced to imprisonment for a term of ten years.

The appellant, on September 30, 1973, filed his application for post-conviction relief, pursuant to Section 17-601 et seq., of the Code, alleging that his guilty plea was involuntarily made and that he was denied the effective assistance of counsel. He asked that he be granted a new trial.

The State duly filed a reply, incorporating the transcript of the proceedings had at the time the appellant entered his plea of guilty and asserting that there were no facts alleged in the petition when compared with the transcript of record, that entitled the appellant to any relief.

The application for post-conviction relief was heard by the Honorable William L. Rhodes, Jr., Resident Judge, who

dismissed and denied the application for post-conviction relief but, pursuant to Section 17-606 of the Code, as amended, granted the appellant fifteen days from the date of the order to show cause why it should not become final. The appellant, thereafter, filed a reply reasserting his former contentions. The trial judge found that the response failed to supply any reason for altering the original order and finally dismissed the application of the appellant. This appeal followed.

The record shows that the appellant was a prisoner in the Allendale County Jail in April, 1971, awaiting trial on a charge of housebreaking and grand larceny, of which he was subsequently convicted and given a six year sentence. While so incarcerated, the appellant made an attack with a mop handle on a fellow prisoner, who, at the time, was asleep in his bunk. As a result of this vicious beating, the victim is now nothing more than a vegetable.

The appellant was sent to the Central Corrections Institution in Columbia for the service of his sentence on the housebreaking and grand larceny charge. In April, 1972, he was returned to Allendale County for trial for the assualt and battery committed on his fellow prisoner. Counsel was duly appointed to represent him, and such counsel, recognizing that he could not properly represent him on the date of his appointment, asked for a continuance, which motion was granted by the trial judge, in order that he might fully prepare for trial.

The case was called for trial at the 1972 October Term of the Court of General Sessions for Allendale County, at which time, pursuant to a plea-bargain agreement, the appellant tendered a plea of guilty to the charge of assault and battery with intent to kill. Prior to the acceptance of the plea of guilty, the trial judge, in accordance with the rule enunciated in *Boykin v. Alabama,* 395 U. S. 238, 89 S. Ct. 1709, 23 L. Ed. (2d) 274, conducted an examination of the appellant, with a stenographic record being made thereof, to determine whether the plea was being made freely, intelligently and

voluntarily. As a result of this examination, the appellant decided not to enter a plea of guilty. Thereupon, a jury was drawn for the trial of the case. At this point in time, the appellant again decided to enter a plea of guilty and such was accepted, and he was again examined by the trial judge to determine whether the plea was then being made freely, intelligently, voluntarily, and with an understanding of the nature of the charge and the consequences of the plea. It appears from such examination that the appellant was advised of all rights available to him, and he affirmatively stated that he was waiving these rights and entering a plea of guilty of his own free will, without coercion or promise. While being so questioned by the trial judge, the appellant voluntarily admitted his guilt and stated to the court that he was fully satisfied with the services rendered him by his appointed counsel.

The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea. An accused also waives the right to trial and the incidents thereof and the constitutional guarantees with respect to criminal prosecutions. *State v. Fuller,* 254 S. C. 260, 174 S. E. (2d) 774. There are a series of United States Supreme Court decisions dealing with post-conviction attacks on the voluntariness of guilty pleas. *Brady v. United States,* 397 U. S. 742, 90 S. Ct. 1463, 25 L. Ed. (2d) 747; *McMann v. Richardson,* 397 U. S. 759, 90 S. Ct. 1441, 25 L. Ed. (2d) 763, and *Parker v. North Carolina,* 397 U. S. 790, 90 S. Ct. 1458, 25 L. Ed. (2d) 785. In the cited cases there is recognized the finality of a plea of guilty when proper safeguards have been afforded the accused.

The record in the present case shows that the guilty plea of the appellant represented a free and intelligent waiver of his constitutional rights, and such plea was voluntarily and understandingly made. All of this

is evidenced by the stenographic transcript made at the time the plea of guilty was entered.

A careful review of this record convinces us that the trial judge correctly concluded that the appellant was competently represented by counsel, and that his plea of guilty was freely, voluntarily and understandingly entered in accordance with the plea-bargain agreement.

The exceptions of the appellant are overruled and the judgment below is,

Affirmed.

LEWIS, BUSSEY, LITTLEJOHN and NESS, JJ., concur.