21626

Kevin H. GRIFFIN, Appellant, v. WARDEN, C. C. I., Columbia, South Carolina, Respondent.

(286 S. E. (2d) 145)

*Kenneth C. Hanson, of Hanson & Anderson,* Columbia, and *David S. Mortensen* and *Kenneth R. Berman, of Hale & Door,* Boston, Mass., *for appellant.*

*Atty. Gen. Daniel R. McLeod, Asst. Atty. Gen. William K. Moore* and *Staff Atty. Larry Vanderbilt,* Columbia, *for respondent.*

January 12, 1982.

NESS, Justice:

This is a post conviction relief action. Appellant Griffin was convicted for rape in 1975 under the former South Carolina "Rape" Statute S. C. Code § 16-3-630, now repealed.[1] He raises numerous exceptions most of which are not reviewable as they were waived at trial and/or on direct appeal. Griffin's remaining arguments are not persuasive and we affirm.

Appellant alleges he was unconstitutionally convicted under a gender based statute. This issue has recently been decided against appellant by the U. S. Supreme Court in *Michael M. v. Superior Court of Sonoma Cty.,* 450 U. S. 464, 101 S. Ct. 1200, 67 L. Ed. (2d) 437 (1981).

Gender-based classifications are not "inherently suspect" so as to be subject to "strict scrutiny" but will be upheld if they bear a "fair and substantial relationship" to legitimate state ends. *Michael M., supra; Reed v. Reed,* 404 U. S. 71, 92 S. Ct. 251, 30 L. Ed. (2d) 225 (1971). The Equal Protection Clause does not "demand that a statute necessarily apply equally to all persons" or require "things which are different in fact . . . to be treated in law as though they were the same." *Rinaldi v. Yeager,* 384 U. S. 305, 86 S. Ct. 1497, 1499, 16 L. Ed. (2d) 577 (1966); *Michael M., supra.* A statute will be upheld where the gender classification realistically reflects the fact the sexes are not similarly situated in certain circumstances. *Michael M., supra,* 101 S. Ct. at 1204-1205.

---

[1] Section 16-3-630 to 16-3-650, repealed by 1977 Act No. 157, § 12 replaced by S. C. Code § 16-3-651 to §16-3-660, "Criminal Sexual Conduct" Act.

Here, the victim was thirteen years old at the time. The
■ punishment for this crime carried a maximum sentence
of forty years. Had this same offense been committed
by an adult female on a male child, she would have been
indictable either under S. C. Code Anno. § 16-15-140, commit-
ting lewd acts upon a child under fourteen or common law
assault and battery of a high and aggravated nature, each
having a maximum sentence of ten years. *State v. Hill,* 254
S. C. 321, 175 S. E. (2d) 227 (1970).

Section 16-3-630, now repealed, S. C. Code (1976), realis-
tically reflects the fact the sexes are not similarly situated.
There is no merit in appellant's contention that in order for the
statute to be constitutional, it must be broadened so as to hold
the female as criminally liable as the male. The relevant stand-
ard is not whether the statute is as precise as it might ideally
have been but whether the distinction imposed by the general
assembly is within constituional limitations. *Michael M., supra.*

The State has a strong interest in preventing illegitimate
teenage pregnancies. The statute protects women since vir-
tually all of the harmful consequences of teenage pregnancy
fall on the female. Although the statute contains a gender-
based classification, the State's interest is sufficiently related
to the classification.[2]

We hold former S. C. Code Anno. § 16-3-630 (1976), now
repealed, when read under the legislative considerations as
set out in *Michael M., supra,* is not violative of the equal pro-
tection clause of the U. S. and South Carolina Constitutions.

Appellant states that on direct appeal, we relied upon
■ "farce and mockery" standard outlined in *Crosby v.
State,* 241 S. C. 40, 126 S. E. (2d) 843 (1962). He
argues the test for effective assistance of counsel his since
been changed to a "normal range of competence" standard so
that we should reconsider the whole record in that light.

We addressed this same argument in *State v. Pendergrass,*
270 S. C. 1, 239 S. E. (2d) 750 (1977):

___

[2] The *Meloon v. Helgemoe,* 564 F.2d 602 (1st Cir. 1977) decision
relied upon by appellant is not applicable since it dealt with the New
Hampshire "statutory rape" statute which made it no crime for a woman
to have sexual relations with a male under fifteen years.

"We recognize the modern trend of evaluating the effectiveness of counsel by the 'normal competency standard' recently adopted by the Fourth Circuit Court of Appeals in *Marzullo v. Maryland* 561 F. (2d) 540, 544 (filed September 2, 1977). In *Marzullo*, the court abandoned the farce and mockery of justice standard of *Root v. Cunningham*, 344 F. (2d) 1 (4th Cir. 1965), in favor of the normal competency test . . .

The latter test is framed in terms of the normal range of competency demanded of attorneys in criminal cases. Even under this stricter standard, representation need not be errorless in order to be effective. 'A convict generally must establish that his counsel's error was so flagrant that a court can conclude that it resulted from neglect or ignorance rather than from informed, professional deliberation. *Marzullo, supra,* 561 F. (2d) at page 544.'" *State v. Pendergrass*, 270 S. C. 4-5, 239 S. E. (2d) 750.

The record reveals appellant was the cause of his own dilemma. Griffin told appointed counsel he no longer required counsel's services because he thought he had the resources to retain private counsel. Relying on this, counsel took no further action on the case except to prepare a motion to be relieved as counsel. Thus any lack of preparation by counsel resulted from appellant's conduct and he cannot now complain. See *U. S. v. Blue Thunder*, 604 F. (2d) 550 (8th Cir. 1979); *U. S. v. Davis*, 604 F. (2d) 474 (7th Cir. 1979).

We hold under either the farce and mockery of justice standard or the normal competency test, appellant had the benefit of effective assistance of counsel.

In addition, Griffin alleges he received ineffective assistance of appellate counsel. The hearing judge found the representation offered Griffin by his attorneys on appeal was diligent and extensive. In post conviction relief cases "any evidence" of probative value to support the court's finding of facts is sufficient to uphold those findings on appeal. *Davis v. State* 274 S. C. 549, 265 S. E. (2d) 679 (1980); *Greene v. State*, S. C. 277 S. E. (2d) 481 (1981).

The trial court held the thirty-eight page brief filed on direct appeal to be effective assistance of counsel and that the decision to exclude certain exceptions was deliberate strategic tactics. This issue is without merit.

Griffin's remaining arguments were not raised in the trial court nor on direct appeal. Appellant's excessively long briefs of one hundred and seventy-six pages dealt primarily with those non-reviewable issues. Griffin waived these claims and cannot assert them now. *State v. Shumate,* S. C., 275 S. E. (2d) 288 (1981); *Cummings v. State,* 274 S. C 26, 260 S. E. (2d) 187 (1979). A full written opinion on these remaining issues would be without precedential value and thus are affirmed under Rule 23 of the Rules of Practice of this Court.

Appellant's conviction and sentence is affirmed.

LEWIS, C. J. and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.