21824

The STATE, Appellant, v. Leon J. DASHER and Robert Gene Holbrook, Respondents.

(298 S. E. (2d) 215)

*Atty. Gen Daniel R. McLeod, Asst. Atty. Gen. Harold M. Coombs, Jr.,* and *Sr. Asst. Atty. Gen. Brian P. Gibbes,* Columbia and *Sol. Donald V. Myers,* Lexington, *for appellant.*

*L. Marion Gressette* and *F. Lee Prickett, Jr.,* St. Matthews, and *Henry W. Kirkland,* Columbia, *for respondents.*

Dec. 8, 1982.

GREGORY, Justice:

The trial judge dismissed an indictment charging respondents with conspiring to transport, store, and distribute controlled substances in South Carolina. The State appeals. We affirm.

On November 20, 1978, the State returned two indictments charging respondents with conspiring to transport, store, and distribute controlled substances in South Carolina.

Conspiracy is defined in S. C. Code Ann. § 16-17-410 (1976) as "a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object or an object neither criminal nor unlawful by criminal or unlawful means." Hence, the gravamen of the offense of conspiracy is the agreement or combination.

The conspiracy alleging overt acts involving cocaine was tried in December 1978. Respondents were found guilty by a jury. Dasher's motion for judgment of acquittal notwithstanding the verdict was granted by the trial judge. We reversed, reinstated the verdict of the jury, and remanded the case for sentencing in *State v. Dasher*, S. C. 1982, 297 S. E. (2d) 414.

When the indictment for conspiracy alleging overt acts involving marijuana was called for trial, respondents moved to quash the indictment on the ground of former jeopardy. This motion was granted.

The theory of former jeopardy consists of three constitutional safeguards: (1) protection from prosecution for the same offense after acquittal; (2) protection from prosecution for the same offense after conviction; and (3) protection from multiple prosecutions for the same offense after an improvidently granted mistrial. *State v. Kirby*, 269 S. C. 25, 236 S. E. (2d) 33 (1977).

The State argues former jeopardy does not apply because the indictments represent two separate and distinct offenses which require separate proof for conviction. Respondents argue former jeopardy does apply because both indictments charge common individuals with conspiring to violate the Controlled Substances Act during overlapping periods of time.

> A distinction must be made between separate conspiracies, where certain parties are common to all the conspiracies, but with no overall goal or common purpose, and one overall continuing conspiracy with various parties joining and terminating their relationship at different times. . . . In essence, the question is what is the nature of the agreement. If there is one overall agreement among the various parties to perform different functions in order to carry out the objectives of the conspiracy, the agreement among all the parties constitutes a single conspiracy.

16 Am. Jur. (2d), Conspiracy § 11 (1979).

"[S]eparate elements of time, persons, places, offenses, and overt acts will, if shown to be substantially distinct, support separate conspiracy prosecutions." *U. S. v. Ingman,* 541 F. (2d) 1329 (9th Cir. 1976).

> Both indictments charge respondents and others with conspiring to transport into Lexington County, store with intent to distribute, and distribute certain quantities of controlled substances. The dates of the conspiracies overlapped with the conspiracy alleging overt acts involving marijuana occurring from on or about January 1, 1978, until November 20, 1978, and the conspiracy alleging overt acts involving cocaine occurring from on or about July 5, 1978, until November 20, 1978. The principals involved in the alleged conspiracies are substantially the same. The alleged conspiracies involved transporting these drugs into the same place, Lexington County, from two different areas, Texas (marijuana) and Florida (cocaine).

> [I]n conspiracy cases the plea of former jeopardy will prevail where it can be shown that the subsequent prosecution rests solely upon the same agreement that was involved in the former prosecution, and that, where such identity of the agreement is established, the same conspiracy is involved, no matter how variegated the criminal purposes contemplated in the agreement.

Annot. 87 L. Ed. 29, 47 (1938).

The record conclusively shows only one agreement or conspiracy was reached by the respondents and their co-conspirators. That agreement was to transport, store, and distribute

controlled substances (marijuana and cocaine) in South Carolina. Accordingly, the order of the trial judge dismissing the indictment is affirmed.

Affirmed.

LEWIS, C. J., NESS and HARWELL, JJ., and JOSEPH R. MOSS, Acting Associate Justice, concur.