22818

Willis STONE, Petitioner v. STATE of South Carolina, Respondent.
(363 S. E. (2d) 903)

Supreme Court

*Asst. Appellate Defender Tara Shurling Frick,* of *S. C. Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Asst. Atty. Gen. William A. Ready, III,* Columbia, *for respondent.*

Submitted Sept. 24, 1987.

Decided Jan. 11, 1988.

NESS, Chief Justice:

Petitioner was convicted of assault and battery of a high and aggravated nature (ABHAN) and assaulting a police officer. He was sentenced to consecutive terms of six (6) years for assaulting a police officer and eight (8) years for ABHAN. A direct appeal was taken and petitioner's conviction and sentence were affirmed by this Court. *State v. Stone,* 285 S. C. 386, 330 S. E. (2d) 286 (1985) (failure to request an instruction, when given an opportunity to do so, acts as a waiver of right to have law charged). His petition for a writ of certiorari was granted to review the post-conviction relief (PCR) judge's finding that his trial counsel was not ineffective for failing to request a jury instruction on self-defense. We reverse and remand for entry of an order granting petitioner post-conviction relief on both charges.

The burden is on the applicant in post-conviction proceedings to prove the allegations in his application. *Butler v. State,* 286 S. C. 441, 334 S. E. (2d) 813 (1985), *cert. denied,* 474 U. S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986). As to allegations of ineffective assistance of counsel, the question is whether the applicant's attorney's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. *Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Butler v. State, supra.* In reviewing post-conviction relief cases, this Court is limited to determining if there is any evidence to support the PCR judge's findings of fact. *Wray v. State,* 288 S. C. 474, 343 S. E. (2d) 617 (1986); *Knight v. State,* 284 S. C. 138, 325 S. E. (2d) 535 (1985).

Upon request, a defendant is entitled to a jury instruction on self-defense if he has produced evidence tending to show the four elements of that defense. *State v. Davis,* 282 S. C. 45, 317 S. E. (2d) 452 (1984); *State v. Hendrix,* 270 S. C. 653, 244 S. E. (2d) 503 (1978). A defendant is likewise entitled to defend his relative. *State v. Sales,* 285 S. C. 113, 328 S. E. (2d) 619 (1985).

The petitioner presented sufficient evidence at trial to entitle him to a jury instruction on self-defense. His trial attorney testified at the PCR hearing that he did not request an instruction on self-defense because it did not

cross his mind. Basically, the attorney stated he did not think of it because the whole incident occurred outdoors and both parties had an opportunity to flee.

The trial attorney's testimony itself precludes a finding that his failure to request the instruction was an informed tactical decision. *See Marzullo v. Maryland*, 561 F. (2d) 540 (4th Cir. 1977). The attorney made no decision at all, he stated he never considered requesting the charge. Further, because the State's case rested primarily on the testimony of the victim and police officers, petitioner was prejudiced by counsel's failure to request the instruction. The record does not support the PCR Judge's finding that trial counsel's performance was not constitutionally defective.

Reversed and remanded.

GREGORY, HARWELL, CHANDLER and FINNEY, JJ., concur.