23018

.Wilbur Ruben JOLLEY, Petitioner v. STATE of South Carolina, Respondent.
(379 S. E. (2d) 900)

Supreme Court

*W. Gaston Fairey,* of *Fairey & Parise, P.A.,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka,* and *Staff Atty. Delbert H. Singleton,* Columbia, *for respondent.*

Submitted Nov. 15, 1988.

Decided May 30, 1989.

FINNEY, Associate Judge:

Petitioner Wilbur Ruben Jolley was indicted for trafficking in cocaine—possession of more than 400 grams, in violation of S. C. Code Ann. § 44-53-370(e)(2)(b) (1985). Thereafter he pled guilty to trafficking in cocaine—possession of at least 28 grams but less than 100 grams and received a sentence of 21 years.

Petitioner subsequently filed an application for post-conviction relief (PCR), asserting that he had received ineffective assistance of counsel and his guilty plea was based upon unfulfilled promises by law enforcement officials. The PCR court denied petitioner's application. We affirm.

After his indictment, the petitioner entered into plea discussions with the solicitor's office. Petitioner asserts that law enforcement officers promised that he would be resentenced after his plea if he assisted the state in locating a co-defendant, Holcombe. Petitioner now claims that he carried out his part of this agreement, but the state has failed to comply. The state asserts that the only promise made to the petitioner was that he would be allowed to plead to trafficking cocaine, possession of at least 28 grams but less than 100 grams.[1]

During the plea proceedings, the petitioner testified that, in return for his guilty plea, no one had made any promises to him, other than the solicitor's promise to reduce the trafficking charge. The following colloquy took place between the petitioner and the trial judge.

> The Court: Other than the Solicitor dropping the charge against you where you would have to have twenty-five (25) years and no parole, *have any promises been made to you to get you to plead guilty?*
> Defendant: No, sir.
> The Court: Has anybody threatened you to get you to plead guilty?

---

[1] Conviction of the charge to which petitioner pled guilty carried a maximum term of imprisonment of twenty-five years with an opportunity for parole; whereas the charge for which petitioner was indicted carried a maximum term of thirty years with no opportunity for parole.

Defendant: No, sir.

The Court: You know what kind of sentence you can get.

Defendant: Yes, sir.

Also during the plea proceedings, Assistant Solicitor Wilson stated that petitioner had cooperated fully with his office and the sheriff's department, that he had testified truthfully and fully as he had agreed, and that there were no other agreements between the petitioner and the state.

At hearings on petitioner's motion for resentencing, several persons testified concerning the state's alleged promises made to the petitioner. Detective John O'Donald stated that on the day of the plea but prior to entry of the plea, petitioner provided information on Holcombe's whereabouts in hopes he could get help when he pled that day or in hopes he would be brought back for resentencing if the information proved correct. Also, Larry Bogan, a private investigator, testified that petitioner hired him to help law enforcement officials locate Holcombe. He further stated that he knew of no promise by law enforcement officials that petitioner would be resentenced after his plea if the information concerning Holcombe was correct. The trial judge determined at the close of these hearings that since the transcript of record did not disclose that he had retained jurisdiction and Assistant Solicitor Wilson objected to resentencing the petitioner, he had no jurisdiction to consider a reduction in the sentence.

During the PCR hearing, both of petitioner's defense counsel testified that they had been involved in obtaining the negotiated plea agreement and that they were not aware of any promise that petitioner would be resentenced should his information prove accurate. Solicitor Gossett and Assistant Solicitor Wilson testified that nothing had been promised concerning a reduction of petitioner's sentence subsequent to plea. The petitioner was the only person that testified that he had been promised a reduction in sentence if his information proved accurate.

This Court's review of post-conviction relief cases is ██ limited to a determination of whether there is any evidence to support the PCR judge's findings of fact. *Stone v. State,* 294 S. C. 286, 363 S. E. (2d) 903 (1988). If any evidence of probative value exists on the record, such evi-

dence is sufficient to uphold the PCR judge's findings. *Griffin v. Warden, C. C. I.,* 277 S. C. 288, 286 S. E. (2d) 145 (1982), *cert. denied,* 459 U. S. 942, 103 S. Ct. 255, 74 L. Ed. (2d) 199 (1982). We find ample evidence to support the findings of the PCR judge.

Additionally petitioner asserts that he received ineffective assistance of counsel because counsel failed to preserve the question of resentencing before the trial judge. In view of our finding of ample evidence to support the PCR judge's finding that there was no promise, we conclude that the petitioner did not receive ineffective assistance of counsel. *See Strickland v. Washington,* 466 U. S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984).

We affirm the decision of the PCR court.

Affirmed.

GREGORY, C. J., and HARWELL, CHANDLER and TOAL, JJ., concur.