23438

Joseph A. COBBS, Jr., Respondent v. STATE of South Carolina, Petitioner.
(408 S.E. (2d) 223)

Supreme Court

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Atty. Gen. Frank L. Valenta, Jr.,* Columbia, *for petitioner.*

*Asst. Appellate Defender D. Mark Stokes, South Carolina Office of Appellate Defense,* Columbia, *for respondent.*

Submitted Oct. 18, 1988.

Decided July 22, 1991.

FINNEY, Justice:

Respondent Joseph A. Cobbs, Jr., pled guilty to two counts of second degree burglary and two counts of forgery. He was sentenced to imprisonment for fifteen years on each burglary charge and seven years on each forgery charge, all of the sentences to run concurrently. On application for post conviction relief (PCR) the convictions were vacated and a new trial granted. We affirm the findings of the PCR court.

Respondent's mother, Anna Jolley, swore out warrants in October 1983 against respondent for forging two checks which belonged to two of her other sons. The magistrate issued warrants for Cobbs' arrest in October 1983. These warrants, however, were not executed until September 1985 at the same time the magistrate issued and executed arrest warrants against respondent on the burglary charges.

At the PCR hearing, Ms. Jolley testified that although she had initiated the charges of forgery against respondent, she had subsequently worked out her problems with him and had no desire to see her son prosecuted at the time he pled guilty.

Appointed defense counsel testified that he never attempted to contact the prosecuting witness, Ms. Jolley, concerning this case. Upon noticing that the warrants issued in 1983 were about two years old at the time of execution, defense counsel admitted that he did not seek to determine why

the warrants were held by the magistrate for such a long time.

One of the burglary charges for which respondent was indicted stemmed from a complaint by Rosa Little regarding an incident which occurred at her home on September 5, 1985, at approximately 2:30 A.M.[1] At the PCR hearing, the magistrate testified that, although he did not recall the actual act which led to respondent's arrest for the incident involving Ms. Little, he had signed a commitment order. The order reflects a conviction for an act committed on September 5, 1985, at Ms. Little's residence at approximately 2:30 A.M. and indicates that the magistrate sentenced the respondent on October 22, 1985, to thirty (30) days in the county jail.

Respondent testified that in December 1985, he pled guilty, pursuant to advice of defense counsel, to second degree burglary for the same incident which occurred at Ms. Little's home on September 5, 1985, at approximately 2:30 A.M.

The PCR judge found that respondent received ineffective assistance of counsel for two reasons: (1) defense counsel failed to contact Ms. Jolley to ascertain the circumstances of the forgery charges; and (2) the possibility of a valid double jeopardy defense was not investigated nor explained to the respondent by defense counsel.

In post-conviction proceedings the burden is on the applicant to prove the allegations in his application. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985), *cert. denied* 474 U.S. 1094, 106 S. Ct. 869, 88 L. Ed. (2d) 908 (1986). "In reviewing post-conviction relief cases, this Court is limited to determining if there is any evidence to support the PCR judge's findings of fact." *Stone v. State*, 294 S.C. 286; 363 S.E. (2d) 903, 286 (1988). If any evidence of probative value exists on the record, this evidence is sufficient to uphold the PCR judge's findings on appeal. *Griffin v. Warden*, 277 S.C. 288, 286 S.E. (2d) 145 (1982), *cert. denied* 459 U.S. 942, 103 S. Ct. 255, 74 L. Ed. (2d) 199 (1982).

---

[1] The record does not reflect the details of this incident; but the indictment charged as follows: "the accused did commit the crime of housebreaking by ... break[ing] and enter[ing] in the nighttime the said residence of Rosa Little by taking out the screen and opening her bedroom windows."

In order to prove ineffective assistance of counsel, respondent must show that his counsel's performance was deficient and that the deficient performance prejudiced the defense so as to deprive the respondent of a fair trial. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Butler v. State, supra.*

There is evidence in the record indicating defense counsel's failure to conduct adequate investigations. It is undisputed that respondent's mother, the prosecuting witness, did not want her son prosecuted on charges of forgery at the time of the guilty plea. Defense counsel could easily have investigated and discovered this fact and taken appropriate actions.

There is also ample evidence in the record to support the PCR judge's finding that the respondent did not receive the effective assistance of counsel in regard to his conviction on one of the burglary charges. The theory of double jeopardy consists of protection from prosecution for the same offense after conviction. *State v. Dasher,* 278 S.C. 454, 298 S.E. (2d) 215 (1982). Because the incident which gave rise to respondent's conviction in magistrate court was the same incident for which respondent pled guilty in circuit court, defense counsel should have investigated the possibility that respondent had already been prosecuted for the offense involving Ms. Little. Information regarding the first conviction was readily discoverable from a review of the commitment form, which noted that respondent had been sentenced in magistrate court for an offense which occurred at the exact time of the incident to which respondent subsequently pled guilty in circuit court.

The record establishes a reasonable probability that, but for counsel's errors, the respondent would not have pled guilty but would have insisted on going to trial. *Hill v. Lockhart,* 474 U.S. 52, 106 S. Ct. 366, 88 L. Ed. (2d) 203 (1985). Thus, prejudice to the respondent is evident.

Based on the record and our standard of review, we conclude that there is ample evidence to support the PCR judge's findings.

Accordingly, the order of the PCR court is affirmed.

HARWELL, CHANDLER and TOAL, JJ., concur.

GREGORY, C.J., dissenting in separate opinion.

GREGORY, Chief Justice (dissenting):

I respectfully dissent. I agree with the State's contention that the post-conviction relief judge improperly vacated respondent's convictions and granted a new trial.

First, the State contends the PCR judge erred in finding respondent received ineffective assistance of counsel regarding the forgery charges. Respondent's mother, Anna Jolley, initiated the forgery charges against him. The PCR judge found respondent was denied effective assistance of counsel because counsel "neglected to contact Ms. Jolley to ascertain the circumstances of the forgery charges and her present attitude toward her son." This finding of ineffective assistance is without support in the record. *See Stone v. State*, 294 S.C. 286, 363 S.E. (2d) 903 (1988) (standard of review).

To prove ineffective assistance of counsel, a PCR applicant must show that counsel's performance was deficient and that the deficient performance so prejudiced the defense as to deprive the defendant of a fair trial. *Butler v. State*, 286 S.C. 441, 334 S.E. (2d) 813 (1985); *see also Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984). The court must indulge a strong presumption that counsel's performance was within the range of reasonable professional assistance. *Id.*

Ms. Jolley testified before the grand jury concerning the forgery charges; she was also present at respondent's preliminary hearing. Although she testified at the PCR hearing that she wished to drop the charges against respondent, neither she nor respondent communicated this to counsel. Since Ms. Jolley was present at the pretrial hearings and expressed no desire to drop the charges, counsel's failure to question her in this regard does not constitute deficient performance. Moreover, respondent failed to demonstrate any prejudice since the State could have pursued the charges even if Ms. Jolley did not wish to do so.

Second, the State contests the PCR judge's finding of ineffective assistance regarding the convictions for second degree burglary. Respondent was convicted of petit larceny in magis-

trate's court. He was then indicted for first degree burglary allegedly occurring at the same date, time, and place. On counsel's advice, respondent pled guilty to second degree burglary. The PCR judge found respondent had a "possible" double jeopardy defense in view of his prior conviction for petit larceny. He concluded respondent was denied effective assistance of counsel when counsel failed to raise a double jeopardy defense.

I find no evidence to support this finding of ineffective assistance. The PCR judge found the prior conviction for petit larceny "was not published or recorded in a manner that should have been discovered by [counsel]." He further found the failure to present a double jeopardy defense was "not necessarily due to the fault of [counsel]." In view of these findings that counsel's performance was not deficient, it was error to grant PCR on this issue.

Moreover, the PCR judge found only that the double jeopardy issue was a "possible" defense. There is no evidence in the record before us that petitioner was prejudiced by the failure to raise double jeopardy because there are no facts to indicate whether to establish an element of burglary, the State sought to prove conduct for which petitioner had already been prosecuted in the petit larceny trial. *See State v. Magazine*, — S.C. —, 393 S.E. (2d) 385 (1990). Nor does the prior conviction for petit larceny bar the subsequent indictment for first degree burglary under *Blockburger v. United States*, 284 U.S. 299, 52 S. Ct. 180, 76 L. Ed. 306 (1932), since each offense requires proof of an element the other does not. I conclude the record does not support the PCR judge's finding of ineffective assistance of counsel in failing to raise a double jeopardy issue.

Accordingly, I would reverse the order of the PCR court and reinstate respondent's convictions.