534 S.E.2d 696

**The STATE, Respondent,**

v.

**Tunzy Antwain SANDERS, Appellant.**

**No. 25163.**

Supreme Court of South Carolina.

Heard May 10, 2000.

Decided July 3, 2000.

Rehearing Denied Aug. 7, 2000.

388

Deputy Chief Attorney Joseph L. Savitz, III, of S.C. Office of Appellate Defense, of Columbia, for appellant.

Attorney General Charles M. Condon, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, Assistant Attorney General Derrick K. McFarland, all of Columbia; and Solicitor Barbara R. Morgan, of Aiken, for respondent.

KINARD, Acting Justice:

Appellant was convicted of murder, attempted armed robbery, and conspiracy. He appeals on the ground his Sixth Amendment right to counsel was violated when counsel was removed before trial. We reverse and remand for a new trial.

## FACTS

Appellant and two others were charged with killing Minh Chapman who was shot to death in the parking lot of the restaurant where she worked. She was leaving work at the close of business and was carrying that day's receipts.

Before trial, appellant's sister, Brenda Sanders, was admitted pro hac vice to act as co-counsel on appellant's behalf.[1] The day before trial was to commence, however, the trial judge removed Ms. Sanders because the State indicated she would be called as a witness based on her interaction with the State's witnesses.[2]

---

1. Ms. Sanders is an attorney in Michigan.

2. Co-counsel continued his representation.

At trial, two jailhouse informants, Aurelien Vigier and David Staley, testified appellant confessed to the crime while imprisoned. Each also testified that appellant had said Ms. Sanders was going to talk to the State's witnesses "to get them to change their statements."

The State introduced the statement of Temetrius Williams which placed appellant and his cohorts at the scene with the intent to commit a robbery. Williams retracted her statement on the stand. She denied she had ever talked with Ms. Sanders. When Ms. Sanders took the stand, she testified that in the course of her investigation, she had had a brief telephone conversation with Williams.

## ISSUE

Was Ms. Sanders properly removed because she was a necessary witness?

## DISCUSSION

█ Appellant contends Ms. Sanders's removal violated his Sixth Amendment right to counsel. The State argues in response that Ms. Sanders was properly removed because she was disqualified under Rule 3.7 of the Rules of Professional Conduct.[3] This rule provides that, with certain exceptions,[4] a lawyer "shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness."

█ We recognize the Sixth Amendment does not confer an absolute right to be represented by one's preferred attorney. *Wheat v. United States,* 486 U.S. 153, 108 S.Ct. 1692, 100 L.Ed.2d 140 (1988). This right is circumscribed by the trial court's obligation to safeguard the integrity of the proceedings and ensure trials are conducted according to the ethical standards of the profession. *United States v. Howard,* 115 F.3d 1151, 1155 (4th Cir.1997); *United States v. Williams,* 81 F.3d 1321, 1324 (4th Cir.1996).

3. Rule 407, SCACR.

4. The exceptions are: (1) the testimony relates to an uncontested issue; (2) the testimony relates to the nature and value of legal services rendered in the case; or (3) disqualification of the lawyer would work substantial hardship on the client.

 Although the right to an attorney of one's choosing is not unlimited, the Sixth Amendment does give some protection to a criminal defendant's selection of retained counsel. *United States v. Cunningham*, 672 F.2d 1064, 1071 (2d Cir. 1982) (*citing United States v. Armedo–Sarmiento*, 524 F.2d 591, 592 (2d Cir.1975)). Where this Sixth Amendment right is invoked, the court must balance the defendant's right to his own freely chosen counsel against the need to maintain the highest ethical standards of professional responsibility. *Cunningham*, 672 F.2d at 1071. In balancing these interests, the court will consider whether the defendant's constitutional right to counsel is outweighed by the government's interest in disqualifying his attorney. *Id.*

Here, the trial judge removed Ms. Sanders because the State indicated it would call her as a witness. We cannot discern from this record, however, that Ms. Sanders was a "necessary witness" to support her removal as appellant's counsel under Rule 3.7. Although the trial judge indicated he was willing to hold a hearing on the matter, no hearing was held. Instead, the Solicitor simply stated her unsubstantiated concern that Ms. Sanders "might be called as a witness . . . just by the nature of what was done."

 Counsel representing a criminal defendant has a duty to conduct a reasonable investigation, *see Cobbs v. State*, 305 S.C. 299, 408 S.E.2d 223 (1991), which encompasses the defendant's right to interview potential witnesses against him. *See State v. Williams*, 326 S.C. 130, 485 S.E.2d 99 (1997). Here, the State produced no evidence Ms. Sanders attempted to influence any witness's testimony. When she was called as a prosecution witness, Ms. Sanders was never questioned regarding the nature of her interaction with the State's witnesses. Her testimony in fact added little to the State's case beyond her statement that she had spoken with Williams. Under these facts, we do not think the State's interest in having Ms. Sanders testify outweighed appellant's right to counsel of his choosing. Accordingly, the judgment of the circuit court is reversed and the case is remanded for a new trial.

 We take this opportunity to set forth the proper procedure when counsel's removal is sought under Rule 3.7. As a

procedural safeguard, an evidentiary hearing is appropriate to determine whether there is evidence to support counsel's removal. This procedure will enable the trial judge to fully assess counsel's anticipated role as a necessary witness before restricting the defendant's exercise of his right to counsel. Further, it will provide a record for meaningful review of the issue on appeal.

**REVERSED AND REMANDED.**

TOAL, C.J., WALLER, BURNETT and PLEICONES, JJ., concur.