THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Ray Lynn Hollifield, Appellant.
 
 
 

Appeal From Spartanburg County
 Howard P. King, Circuit Court Judge

Unpublished Opinion No.  2006-UP-023
Submitted January 1, 2006  Filed January 12, 2006

AFFIRMED

 
 
 
 Ricky Keith Harris, of Spartanburg, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,  Senior Assistant Attorney General Norman Mark Rapoport, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  Appellant Ray Lynn Hollifield was indicted by the Spartanburg County Grand Jury on June 5, 2003 for distribution of methamphetamine, trafficking in methamphetamine more than 100 grams, possession of Xanax, and possession of a firearm during the commission of a violent crime.  Hollifield moved to quash the indictments of trafficking in methamphetamine more than 100 grams, possession of a firearm during the commission of a violent crime, and possession of Xanax.  Hollifield argued that the witness listed on those indictments did not testify before the grand jury.  The trial court denied Hollifields motion.  Hollifield pled guilty to all of the charges on the second day of the trial and was sentenced to 15 years concurrent on all counts.  Hollifield contends the unknown individual who testified provided summary hearsay and was a designated officer of the State.
We affirm pursuant to Rule 220(b)(2), SCACR, and the following authorities:  Evans v. State, 363 S.C. 495, 611 S.E.2d 510 (2005) (stating a defendants challenge to the sufficiency of a grand jury indictment does not implicate the subject matter jurisdiction of the trial court); State v. Gentry, 363 S.C. 93, 102, 610 S.E.2d 494, 499 (2005) (holding the presentment of an indictment is not needed to confer subject matter jurisdiction on the circuit court, but that an indictment is needed to give notice to the defendant of the charges against him); State v. Truesdale, 278 S.C. 368, 296 S.E.2d 528 (1982) (ruling that pleas of guilty are unconditional, and if an accused attempts to attach any condition or qualification thereto, the trial court should direct a plea of not guilty); Rivers v. Strickland, 264 S.C. 121, 213 S.E.2d 97 (1975) (holding a guilty plea, voluntarily and understandingly made, generally constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to plea).
AFFIRMED.[1]
GOOLSBY, ANDERSON, and SHORT, JJ., concur.

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.