THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 The State, Respondent,
 
 
 
 
 

v.

 
 
 
 
 Hartford Renard
 Best, Appellant.
 
 
 
 
 
 

Appeal From Horry County
Steven H. John, Circuit Court Judge

Unpublished Opinion No. 2011-UP-092
 Submitted December 1, 2010  Filed March 8,
2011    

AFFIRMED

 
 
 
 George N. Spirakis, of Myrtle Beach, for
 Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J.
 Zelenka, and Assistant Attorney General S. Creighton Waters, all of Columbia; and
 Solicitor John Gregory Hembree, of Conway, for Respondent.
 
 
 

PER CURIAM:  Hartford
 Renard Best appeals the denial of his motion for a new trial, arguing: (1) the
 trial court erred in finding that the indictment was proper, (2) the trial
 court erred in holding that newly discovered evidence was not grounds for a new
 trial, and (3) the trial court erred in not holding that the death penalty is
 unconstitutional.  We affirm[1] pursuant to Rule 220(b)(1), SCACR and the following authorities:
1. As to whether the
 trial court erred in finding the indictment was proper:  Rivers v.
 Strickland,  264 S.C. 121, 124, 213 S.E.2d 97, 98 (1975) ("The
 general rule is that a plea of guilty, voluntarily and understandingly made,
 constitutes a waiver of nonjurisdictional defects and defenses, including
 claims of violation of constitutional rights prior to the plea.").
2. As to whether the
 trial court erred in finding the newly discovered evidence was not proper
 grounds for a new trial:  State v. Needs, 333 S.C. 134, 157-158,
 508 S.E.2d 857, 869 (1998) (outlining what is required for a defendant to
 prevail on a motion for a new trial based on after discovered evidence and
 providing that "the granting of such a motion is not favored and, absent
 error of law or abuse of discretion" the trial court should be affirmed). 
     
3. As to whether the
 trial court erred in not finding the death penalty unconstitutional under the
 South Carolina Constitution:  Rivers v. Strickland, 264 S.C. 121,
 124, 213 S.E.2d 97, 98 (1975) ("The general rule is that a plea of
 guilty, voluntarily and understandingly made, constitutes a waiver of
 nonjurisdictional defects and defenses, including claims of violation of
 constitutional rights prior to the plea.").  
AFFIRMED.

 HUFF,
 KONDUROS, and LOCKEMY, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.