**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

John Peter Barnes, Appellant.

Appellate Case No. 2011-199787

---

Appeal From Richland County
DeAndrea G. Benjamin, Circuit Court Judge

---

Unpublished Opinion No. 2013-UP-314
Heard June 13, 2013 – Filed July 10, 2013

---

**AFFIRMED**

---

Appellate Defender LaNelle Cantey DuRant, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia, for Respondent.

---

**PER CURIAM:** John Peter Barnes appeals his conviction for committing a lewd act on a minor. We affirm.

1.      Barnes alleges the circuit court erred in qualifying Ray Olszewski as an expert in child forensic interviewing.  We conclude, in light of dicta in *State v. Kromah*, 401 S.C. 340, 737 S.E.2d 490 (2013), that Olszewski 's qualification as an expert in forensic interviewing was likely error.  *See id.* at 357 n.5, 737 S.E.2d at 499 n.5 ("In considering the ongoing issues developing from [forensic interviewers'] use at trial, we state today that we can envision no circumstance where their qualification as an expert at trial would be appropriate.").  Nevertheless we affirm Barnes's conviction, because Barnes does not allege the forensic interviewer vouched for the victim's credibility, and Olszewski's testimony was cumulative to the victim's testimony and Barnes's statement to police.  *See id.* at 360, 737 S.E.2d at 500-01 (indicating forensic interviewers may testify concerning the facts of an interview with a minor victim of abuse provided they do not vouch in any way for the victim's credibility); *see also id.*at 360, 737 S.E.2d at 501 ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Heller*, 399 S.C. 157, 171, 731 S.E.2d 312, 320 (Ct. App. 2012) ("[T]he admission of improper evidence is harmless where it is merely cumulative to other evidence.") (internal quotation marks omitted).

2.      Barnes contends the circuit court erred in denying his motion for a hearing pursuant to *State v. Sanders*, 341 S.C. 386, 534 S.E.2d 696 (2000), to remove one of the solicitors from the case as a necessary witness.  We affirm, finding the circuit court did not abuse its discretion as it considered the issue, heard arguments from the parties, and rendered a decision based thereon.  *See State v. Inman*, 395 S.C. 539, 557, 720 S.E.2d 31, 41 (2011) (citing an abuse of discretion standard when a defendant seeks to call a prosecuting attorney as a witness).  Furthermore, the constitutional issues implicated in *Sanders* are not presented in this case.  *See Sanders*, 341 S.C at 390-91, 534 S.E.2d at 698 (indicating it is "appropriate" when considering a defendant's Sixth Amendment right to his choice of counsel for the trial judge to hold a hearing and fully assess counsel's anticipated role as a necessary witness in the case and create a record for meaningful review).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**