**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

Ronald Black, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2009-143366

―――――――――――

Appeal From Charleston County
Kristi Lea Harrington, Circuit Court Judge

―――――――――――

Unpublished Opinion No. 2013-UP-486
Heard November 5, 2013 – Filed December 23, 2013

―――――――――――

**AFFIRMED**

―――――――――――

Appellate Defender Kathrine H. Hudgins, of Columbia, for Petitioner.

Attorney General Alan Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General Ashleigh R. Wilson, and Assistant Attorney General Daniel Francis Gourley, II, all of Columbia, for Respondent.

―――――――――――

**PER CURIAM:** Ronald Black appeals his convictions for assault and battery with intent to kill, first-degree burglary, carjacking, and kidnapping, arguing the circuit court violated his Sixth Amendment right to choice of counsel in refusing to allow him to substitute counsel on the first day of trial. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Graddick*, 345 S.C. 383, 385, 548 S.E.2d 210, 211 (2001) ("A motion to relieve counsel is addressed to the discretion of the [circuit court] and will not be disturbed absent an abuse of discretion."); *State v. Childers*, 373 S.C. 367, 372, 645 S.E.2d 233, 235 (2007) ("The movant bears the burden to show satisfactory cause for removal."); *United States v. Gonzalez-Lopez*, 548 U.S. 140, 144 (2006) (holding the Sixth Amendment provides that all criminal defendants shall enjoy the right to have assistance of counsel for their defense); *Wheat v. United States*, 486 U.S. 153, 159 (1988) ("[T]he essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers."); *State v. Sanders*, 341 S.C. 386, 389, 534 S.E.2d 696, 697 (2000) (recognizing that "the Sixth Amendment does not confer an absolute right to be represented by one's preferred attorney"); *State v. Sims*, 304 S.C. 409, 414, 405 S.E.2d 377, 380 (1991) ("In evaluating whether the [circuit court] abused [its] discretion in denying [the defendant's] motion for substitution of counsel, the [circuit court] may consider several factors: timeliness of the motion, adequacy of the [circuit court's] inquiry into the defendant's complaint, and whether the attorney-client conflict was so great that it resulted in a total lack of communication, thereby preventing an adequate defense."); *United States v. Gallop*, 838 F.2d 105, 109 (4th Cir. 1988) (finding that once the circuit court has appropriately determined that a substitution of counsel is not warranted, the circuit court can insist that the defendant choose between continuing representation with his existing counsel or appearing pro se); *see also Gibson v. State*, 334 S.C. 515, 523, 514 S.E.2d 320, 324 (1999) ("A defendant who pleads guilty usually may not later raise independent claims of constitutional violations."); *Rivers v. Strickland,* 264 S.C. 121, 124, 213 S.E.2d 97, 98 (1975) ("The general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses, including claims of violation of constitutional rights prior to the plea.").

**AFFIRMED.**

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**