United States v. Brooks

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "Summary Order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of February, two thousand and nineteen.

Present:
> REENA RAGGI,
> PETER W. HALL,
> RICHARD J. SULLIVAN
> *Circuit Judges.*

---

United States of America,

> *Appellee,*

v.                                                                                  17-2172-cr

Timothy Cunningham, AKA New York, Leshone Gray, AKA Twin,
> *Defendants,*

Darrell Brooks,

> *Defendant-Appellant.*

---

*For Appellee*:                     NICHOLAS J. MOSCOW, Assistant United States Attorney (Jack James Dennehy, Susan Corkery, Assistant United States Attorneys, *on the brief*), *for* Richard P. Donoghue the United States Attorney the Eastern District of New York, Brooklyn, New York.

*For Appellant*:    DANIEL MATTHEW PEREZ, Law Offices of Daniel M. Perez, Newton, New Jersey.

Appeal from a judgment entered July 10, 2017 in the Eastern District of New York (Irizarry, *C.J.*)

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the district court's judgment is **AFFIRMED**.

Darrell Brooks was convicted in the district court of three specified violations of supervised release: (1) committing attempted murder in violation of South Carolina law; (2) possession of a firearm by a felon in violation of South Carolina law; and (3) possession of a firearm in violation of a special condition of his supervised release. The court sentenced Brooks to 24 months' imprisonment followed by one year of supervised release. Brooks now appeals his conviction. We assume the parties' familiarity with the underlying facts, the procedural history, and the arguments presented on appeal, which we describe only as necessary to explain our decision to affirm.

A district court may revoke a term of supervised release if the court "finds by a preponderance of the evidence that the defendant violated a condition of supervised release." 18 U.S.C. § 3583(e)(3). We review a revocation of supervised release for abuse of discretion. *United States v. Spencer*, 640 F.3d 513, 520 (2d Cir. 2011).

Brooks argues that the government failed to prove by a preponderance of the evidence that he committed attempted murder under South Carolina law because, he asserts, there was no evidence he had a specific intent to kill Deshawn Nesmith. *See* S.C. Code Ann. § 16-3-29; *State v. King*, 422 S.C. 47 (2017) (explaining specific intent is a requirement for attempted murder). The government disagrees, pointing to the evidence that "Brooks fired

2

the gun at close range and hit the victim in the chest, requiring intensive care hospitalization at a trauma center and a surgery," Appellee's Br. 17, which it says is sufficient evidence of specific intent. Regardless of whether the government's contention is correct, Brooks pled guilty to the lesser-included crime of first-degree assault in South Carolina. That conviction by itself constituted a violation of the condition that he not commit any new crimes while on supervised release, and the assault constituted a Grade A violation, mandating a revocation of supervised release in any event. U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(a)(1).[1] The government also presented sufficient evidence to prove Brooks's guilt on Specifications Two and Three, which are also Grade A violations requiring the revocation of supervised release. Brooks asserts that the government failed to meet its burden of disproving his claim of self-defense with respect to the attempted murder violation, and that the conduct charged in Specifications Two and Three constitute lawful activity under South Carolina law. Alternatively, he asks us to remand his case for resentencing on Specifications Two and Three because his claim of self-defense precludes a finding of guilty on Specification One. We are unpersuaded.

As part of Brooks plea allocution in South Carolina, the court explained that the charges against him "alleged that you did with intent to kill another person; specifically, Deshawn Nesmith with malice aforethought, by shooting him in the chest." App'x 82-83. After describing the facts underlying the charges, the court asked Brooks if he understood that by pleading guilty he was admitting the truth of the charges against him, to which Brooks responded "yes." *Id.* at 84.

---

[1] Under the U.S. sentencing guidelines, a Grade A violation exists if it involves: "conduct constituting (A) a federal, state, or local offense punishable by a term of imprisonment exceeding one year that (i) is a crime of violence, (ii) is a controlled substance offense, or (iii) involves possession of a firearm or destructive device of a type described in 26 U.S.C. § 5845(a); or (B) any other federal, state, or local offense punishable by a term of imprisonment exceeding twenty years. U.S. SENTENCING GUIDELINES MANUAL § 7B1.3(a)(1).

With respect to Specification One, the government is correct that "[a] guilty plea waives all defenses . . . [and Brooks] waived those under oath before a judge when he pled guilty." *Id.* at 132; *see Rivers v. Strickland*, 264 S.C. 121, 124 (1975) ( "[T]he general rule is that a plea of guilty, voluntarily and understandingly made, constitutes a waiver of nonjurisdictional defects and defenses"). The South Carolina state court informed Brooks of his constitutional rights before he pleaded guilty. Brooks indicated he understood his rights and stated that he wanted to give up those rights and plead guilty. By pleading guilty, as he did in South Carolina, Brooks thereby knowingly and voluntarily waived his right to present the very defenses he seeks to have us recognize here: to wit, that he acted in self-defense and that his conduct was lawful under South Carolina law.

Given these circumstances, we will not disturb, and thus we affirm, Brooks's violation on Specification One. We also affirm his violation on Specifications Two (felon in possession of a firearm) and Three (firearm possession in violation of special condition of supervised release). His guilty plea in South Carolina to first-degree assault, including his admission in those court proceedings that he possessed a firearm while committing the crime, waived the challenges he asserts with respect to Specification Two. As to Specification Three—violating his supervised release by possessing a firearm—any challenge to it necessarily fails due to his conviction on Specification Two involving the illegal possession of a firearm.

We have considered Brooks's remaining claims and find them to be without merit.

The judgment of the district court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

4