23853

In the Interest of JOSEPH T., a minor, Appellant.

(430 S.E. (2d) 523)

Supreme Court

*Asst. Appellate Defender, Joseph L. Savitz, III* of the *South Carolina Office of Appellate Defense,* Columbia *for appellant.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *William Edgar Salter, III,* Columbia; and *Sol. Joseph J. Watson,* Greenville, *for respondent.*

Heard April 5, 1993; Decided May 10, 1993.

Reh. Den. June 9, 1993.

FINNEY, Justice:

Appellant challenges his juvenile adjudication for violating S.C. Code Ann. § 16-15-250 (1985) alleging this statute which makes it unlawful to communicate certain messages to a female violates equal protection. We agree and reverse his adjudication and sentence for this offense.

The statute makes it a misdemeanor for:

> Any person [to] anonymously write, print or by any other manner or means whatsoever, except by telephone, communicate, send or deliver to any woman or woman child within this State any obscene, profane, indecent, vulgar, suggestive or immoral message. . . .

It is uncontested that appellant communicated an obscene threat to a fifteen-year-old girl.

Gender-based classifications are not inherently suspect so as to be subject to strict scrutiny and will be upheld if they bear a fair and substantial relationship to legitimate state ends. *Griffin v. Warden, CCI*, 277 S.C. 288, 286 S.E. (2d) 145, *cert denied*, 459 U.S. 942, 103 S.Ct. 255, 74 L.Ed. (2d) 199 (1982). A statute will be upheld where the gender classification realistically reflects the fact the sexes are not similarly situated in certain circumstances. *Id.* Statutes such as the one at issue here that distinguish between males and females based on "old notions" such as a belief that females should be afforded special protection from "rough talk" because of their perceived "special sensitivities" can no longer withstand equal protection scrutiny. *See Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed. (2d) 397 (1976); *Frolik v. State*, 392 So. (2d) 846 (Ala. 1981).

South Carolina Code Ann. § 16-15-250 violates the fourteenth amendment's equal protection clause. Accordingly, appellant's adjudication and sentence for this statutory violation is

Reversed.

HARWELL, C.J., and CHANDLER, TOAL and MOORE, JJ., concur.