657 S.E.2d 743

**Donna MOORE, Respondent,**

v.

**Lance MOORE, Jr., Appellant.**

**No. 26429.**

Supreme Court of South Carolina.

Heard Nov. 15, 2007.

Decided Feb. 11, 2008.

468

Gregory Samuel Forman, of Charleston, and Norbert E. Cummings, Jr., of Cummings Law Firm, of Summerville, for Appellant.

Anthony P. LaMantia, III, Allison J. LaMantia, of LaMantia Law Firm, and Mary Kathryn Schmutz, all of Charleston, for Respondent.

Assistant Attorney General Warren V. Ganjehsani, of Columbia, for Amicus Curiae.

Justice BEATTY.

In this direct appeal, Lance Moore, Jr. (Husband) appeals the family court's decision entering an Order of Protection from domestic abuse in favor of Donna Moore (Wife). Husband challenges the court's decision and underlying statutory

authority based on due process and equal protection grounds. We affirm as modified.

## FACTUAL/PROCEDURAL HISTORY

On October 1, 2006, officers with the Mount Pleasant Police Department were summoned to the Moores' home after 911 personnel received a call from the Moores' fifteen-year-old son. The parties' son reported that Husband had become physically abusive with him and his mother and threatened them with a weapon. Police arrested Husband and charged him with criminal domestic violence (CDV). The next day, Husband was released on bond and ordered not to go near the Moores' residence. According to Wife, Husband drove by the residence and at one point entered the yard to remove several items. On October 3, 2006, Wife filed an action pursuant to section 20–4–50 [1] of the "Protection from Domestic Abuse Act" (the Act) requesting an emergency hearing and an Order of Protection against Husband. At 7:50 p.m. on October 4, 2006, Husband was served in Sumter with a summons to appear for an emergency hearing scheduled for 9:00 a.m. on October 5, 2006, in Charleston.

At the hearing, Husband and Wife both appeared without counsel. Initially, the family court judge inquired whether Wife wanted a continuance in order to obtain counsel. Wife declined, stating that she wanted to obtain an immediate restraining order against Husband. When Husband requested a continuance so that he could obtain counsel, the judge denied the request, and stated "[t]his is an Emergency Hearing, [Wife] doesn't want to continue this case, we got to go forward today." Throughout the proceeding, Husband reluctantly responded to the judge's questions and indicated that he did not want to proceed without the assistance of counsel.

---

1. Section 20–4–50 provides:

    a) Within twenty-four hours after service of a petition under this chapter upon the respondent, the court may, for good cause shown, hold an emergency hearing and issue an order of protection if the petitioner proves the allegation of abuse by a preponderance of the evidence. A prima facie showing of immediate and present danger of bodily injury, which may be verified by supporting affidavits, constitutes good cause for purposes of this section.

    S.C.Code Ann. § 20–4–50(a) (Supp.2006).

After hearing Wife's testimony and questioning the parties, the judge found Husband had abused Wife and their son. As a result, the judge issued an Order of Protection which, *inter alia:* restrained Husband from committing any further abuse or from having any contact with Wife and the parties' two minor children; awarded Wife temporary custody of the parties' children; ordered Husband to pay temporary child and spousal support; and awarded Wife temporary possession of the marital home. In addition to ordering CDV counseling and invoking the assistance of the Department of Social Services for the minor children, the judge also ordered Husband to relinquish any weapons in his possession to the Charleston County Sheriff's Department until further order of the family court.

On October 13, 2006, Husband, who was then represented by counsel, filed a motion for reconsideration. The family court judge held a hearing on the motion. At the hearing, Husband's counsel alleged the issuance of the order violated due process and denied him equal protection based on the following grounds: (1) Husband did not receive "ample notice and an opportunity to answer [Wife's] charges" with the assistance of counsel; and (2) Husband's request for a continuance was denied whereas Wife was offered a continuance to retain counsel. In making these arguments, Husband's counsel claimed the order, specifically the finding of physical abuse, was a final order which could have future ramifications on Husband's employment and his right to possess weapons. Husband also characterized the proceeding under section 20–4–50(a) as "quasi-criminal" because "it takes away any citizen's rights without due process without a full trial." Based on these arguments, Husband's counsel requested a full hearing on the merits. Counsel, however, recognized that a Temporary Restraining Order could be granted to protect Wife until a final resolution was reached on all of the issues.

By order dated December 15, 2006, the family court denied Husband's motion for reconsideration. The court found Husband's due process rights were not violated by the short-time frame preceding the emergency hearing given the statute specifically permitted the court to conduct the hearing within twenty-four hours after Wife's petition was served. Additionally, the court held the denial of Husband's motion for a

continuance did not violate due process because the statute was intended to protect the alleged victim of domestic abuse. Because Wife chose to proceed with the hearing, the court believed that allowing Husband to delay the hearing "would defeat the clear legislative intent of the statute which is to provide alleged victims of abuse immediate access to the Court for orders of protection." Finally, the court found Husband's equal protection claim to be without merit. Relying on the terms of the statute, the court found the "Act affords protection for males, females and minor children alike." The court believed that the emergency hearing would not have been conducted differently "if the sexes of the parties were switched." Subsequently, Husband filed this appeal.

## I. DUE PROCESS

Husband challenges the issuance of the family court's order on two due process grounds. Given the permanency and collateral consequences inherent in a finding of physical abuse, Husband first contends the provision of section 20–4–50 which permits a hearing within twenty-four hours of the service of the petition violates due process. As a second ground, Husband asserts the family court's denial of his motion for a continuance constituted an abuse of discretion and violated his right to due process. Specifically, he claims the short notice and denial of a continuance prohibited him from procuring counsel.

Although Husband does not differentiate in his argument between substantive and procedural due process, we believe both are implicated in the issues he raises on appeal. Accordingly, both are addressed in our analysis.

■ No person shall be deprived of life, liberty, or property without due process of law. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3. "In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law." *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 483, 636 S.E.2d 598, 614 (2006); *see Mathews v. Eldridge*, 424 U.S. 319, 332, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976) (recognizing that before due process

guarantees are implicated, there must be a deprivation by the government of constitutionally protected interest).

■ Procedural "[d]ue process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses." *Clear Channel Outdoor v. City of Myrtle Beach,* 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007).

■ In *Sloan v. South Carolina Board of Physical Therapy Examiners,* this Court explained:

> Procedural due process requirements are not technical; no particular form of procedure is necessary. *In re Vora,* 354 S.C. at 595, 582 S.E.2d at 416. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Wilson,* 352 S.C. at 452, 574 S.E.2d at 733 (quoting *Morrissey v. Brewer,* 408 U.S. 471, 481, 92 S.Ct. 2593, 2600, 33 L.Ed.2d 484, 494 (1972)). The requirements in a particular case depend on the importance of the interest involved and the circumstances under which the deprivation may occur. *S.C. Dept. of Soc. Servs. v. Beeks,* 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997).

*Sloan v. S.C. Bd. of Physical Therapy Examr's,* 370 S.C. 452, 484, 636 S.E.2d 598, 615 (2006). " 'Where important decisions turn on questions of fact, due process often requires an opportunity to confront and cross-examine adverse witnesses.' " *S.C. Dep't of Soc. Servs. v. Wilson,* 352 S.C. 445, 452, 574 S.E.2d 730, 734 (2002) (quoting *Brown v. S.C. State Bd. of Educ.,* 301 S.C. 326, 329, 391 S.E.2d 866, 867 (1990)).

Applying the above-outlined analysis to the facts of the instant case, we find Husband's substantive due process rights were implicated by the proceedings established in section 20–4–50. *See State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 230 (Mo.1982)(*en banc* ) (finding property and liberty interests of respondent to a petition for order of protection are implicated and protection of procedural due process is appropriate). Specifically, Husband's constitutionally protected liberty and property interests are subject to temporary deprivation as a result of the issuance of an Order of Protection. Once the order is issued Husband, *i.e.,* a respondent to a petition, is subject to: the immediate loss of his children; reduction in his financial resources if child/spousal support is ordered; and

immediate loss of possession of the marital residence.[2] Husband also immediately becomes subject to criminal prosecution or contempt proceedings if he violates the Order of Protection. Additionally, Husband is required to immediately relinquish any weapons in his possession or be subject to federal prosecution pursuant to 18 U.S.C.A. § 922.[3] If Husband is em-

---

2. Section 20–4–60 provides in pertinent part:

(c) When the court has, after a hearing for any order of protection, issued an order of protection, it may, in addition:

(1) Award temporary custody and temporary visitation rights with regard to minor children living in the home over whom the parties have custody.

(2) Direct the respondent to pay temporary financial support for the petitioner and minor child unless the respondent has no duty to support the petitioner or minor child.

(3) When the respondent has a legal duty to support the petitioner or minor children living in the household and the household's residence is jointly leased or owned by the parties or the respondent is the sole owner or lessee, grant temporary possession to the petitioner of the residence to the exclusion of the respondent.

(4) Prohibit the transferring, destruction, encumbering, or otherwise disposing of real or personal property mutually owned or leased by the parties or in which one party claims an equitable interest, except when in the ordinary course of business.

(5) Provide for temporary possession of the personal property of the parties and order assistance from law enforcement officers in removing personal property of the petitioner if the respondent's eviction has not been ordered.

(6) Award costs and attorneys' fees to either party.

(7) Award any other relief authorized by § 20–7–420; provided, however, the court must have due regard for any prior Family Court orders issued in an action between the parties.

S.C.Code Ann. § 20–4–60(c) (1985 & Supp.2006).

3. The pertinent provision of this section provides:

(g) It shall be unlawful for any person—

(8) who is subject to a court order that—

(A) was issued after a hearing of which such person received actual notice, and at which such person had an opportunity to participate;

(B) restrains such person from harassing, stalking, or threatening an intimate partner of such person or child of such intimate partner or person, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to the partner or child; and

(C)(i) includes a finding that such person represents a credible threat to the physical safety of such intimate partner or child; or

(ii) by its terms explicitly prohibits the use, attempted use, or threatened use of physical force against such intimate partner or child that would reasonably be expected to cause bodily injury;

ployed in law enforcement, the inability to possess a weapon may impact his ability to perform his job.[4]

Significantly, not only is Husband subject to immediate deprivation of constitutionally protected interests, he may also suffer future ramifications as a consequence of the issuance of the Order of Protection. The factual finding of physical abuse may have a long-term impact on both marital and civil litigation. In terms of marital litigation, a definitive finding of physical abuse could be used by Wife in the following respects: a ground for divorce (physical cruelty); the award of custody; a fault factor for the award of alimony; and a factor to be taken into consideration for the equitable apportionment of the marital assets. Furthermore, a factual finding of physical abuse could potentially be used in a civil claim by Wife for recovery of actual or punitive damages caused by the physical abuse. *See* S.C.Code Ann. § 20–4–130 (1985)("Any proceeding under [the chapter regarding the protection from domestic abuse] is in addition to other civil and criminal remedies."). Because Husband's constitutionally protected interests in liberty and property are implicated by the issuance of the Order of Protection, procedural due process protection should be afforded to Husband, *i.e.*, a respondent to a petition.

---

. . .

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(8) (2000 & Supp.2007).

4. *See* Tom Lininger, *A Better Way to Disarm Batterers*, 54 Hastings L.J. 525, 535–48 (2003) (discussing legislative history and constitutional challenges to ban of guns while restraining order is in effect pursuant to 18 U.S.C. § 922(g)(8)); *United States v. Miles*, 238 F.Supp.2d 297, 300–05 (D.Me.2002) (holding 18 U.S.C.A. § 922(g)(8) passes constitutional muster because it is a reasonable restriction on the right to bear arms and is narrowly tailored to support a compelling government interest); *United States v. Calor*, 172 F.Supp.2d 900, 905–07 (E.D.Ky.2001) (finding temporary deprivation of Husband's property right to enjoy firearms during three-day, pre-hearing seizure period was outweighed by government's interest in protecting victim of domestic violence from further violence and potential death); *see also Kellogg v. City of Gary*, 562 N.E.2d 685, 693 (Ind.1990) (discussing due process implications of Second Amendment right to bear arms in conjunction with issuance of civil temporary injunction).

Although due process protection is applicable in this situation, it is not without limitation. Nor are a respondent's interests paramount to the State's interest in protecting a petitioner or other household members from domestic abuse. In view of these competing interests, it is necessary for this Court to balance these interests to determine the extent and nature of applicable due process procedures. *See Arnett v. Kennedy*, 416 U.S. 134, 167–68, 94 S.Ct. 1633, 40 L.Ed.2d 15 (1974) (noting extent and nature of due process procedures depends upon weighing of the private interests affected and the related government functions). In doing so, we are guided by the intent of the Legislature in promulgating the Act, particularly section 20–4–50.

Commentators have observed:

The Protection from Domestic Abuse Act was enacted to deal with the problem of abuse between family members. The effect of the Act was to bring the parties before a judge as quickly as possible to prevent further violence. Speedy access to the courts also [minimizes] the disruption to any children of the parties since the family court may order payment of temporary financial support. By expediting the provision of child support, the Act helps prevent the abused spouse from returning to her abuser based on financial reasons.

17 S.C. Jur. *Criminal Domestic Violence*, § 14 (Supp.2007).

We agree with this commentary, and believe the Legislature properly effectuated the above goal by creating a statutory scheme that permits expedited proceedings within twenty-four hours from service of the petition before either the family court or, if necessary, before a magistrate who may grant a limited temporary restraining order. *See* S.C.Code § 20–4–30(A) (Supp.2006) ("The family court has jurisdiction over all proceedings under this chapter except that, during nonbusiness hours or at other times when the court is not in session, the petition may be filed with a magistrate. The magistrate may issue an order of protection granting only the relief provided by Section 20–4–60(a)(1).").

■ Furthermore, by providing a respondent with notice of a petition prior to the hearing and an opportunity to be heard, section 20–4–20 complies with the requisite procedural due

process guarantees. *See* S.C.Code Ann. § 20–4–20(f) (Supp. 2006) (" 'Order of protection' means an order of protection issued to protect the petitioner or minor household members from the abuse of another household member *where the respondent has received notice of the proceedings and has an opportunity to be heard.*")(emphasis added). Here, Husband was provided notice of the hearing and given an opportunity to actively participate in terms of questioning Wife and answering the court's questions. Husband, however, chose not to participate in the hearing and, thus, failed to take advantage of the procedural safeguards established by the Act.

Additionally, given that relief awarded in an Order of Protection is temporary and potentially modifiable, the procedure established by the Legislature is sufficient to comply with procedural due process. Finally, as evident in this case, a respondent may obtain counsel after the hearing in order to move for reconsideration or seek modification of certain relief awarded to petitioner. *See State ex rel. Williams v. Marsh,* 626 S.W.2d 223, 230 (Mo.1982)(*en banc* ) ("Notice and an opportunity to be heard must be provided by the state in a meaningful manner prior to deprivation of a protected interest. This rule is not necessarily applied when there is a temporary taking, as is the case here. Due process is a flexible concept.") (citations omitted); *see also State v. Doe,* 46 Conn.Supp. 598, 765 A.2d 518, 523–29 (2000) (concluding defendant had not been prejudiced by issuance of initial protective order without an attorney where he had the order modified with the aid of counsel).

Notably, appellate courts from other jurisdictions have held that statutes similar to this state's Protection from Domestic Abuse Act are not violative of due process. *See, e.g., Paschal v. Hazlinsky,* 803 So.2d 413, 417–19 (La.Ct.App.2001) (holding no due process violation with respect to hearings for protective orders against domestic abuse); *Kampf v. Kampf,* 237 Mich.App. 377, 603 N.W.2d 295, 299 (1999) (concluding Wife's obtaining personal protection order without notice to Husband did not violate his procedural due process rights); *Baker v. Baker,* 494 N.W.2d 282, 288–89 n. 9 (Minn.1992), *superseded in part by statute in Burkstrand v. Burkstrand,* 632 N.W.2d 206 (Minn.2001) (relying on guidance of cases from other jurisdictions and finding ex parte procedures of Domestic Abuse Act

comply with applicable rules as well as due process); *Schramek v. Bohren,* 145 Wis.2d 695, 429 N.W.2d 501, 503–05 (1988) (finding spousal abuse statute was not unconstitutional).

■ Even though Husband's procedural due process rights were not violated by the short-time period between service of the petition and the hearing or Husband's inability to procure counsel for the emergency hearing, we are concerned that a factual finding of physical abuse was finally adjudicated at this emergency hearing.

■ Without question, the immediate protection of potential victims from domestic abuse is a legitimate government interest which requires a prompt hearing and issuance of a temporary order if the evidence necessitates. However, we believe a definitive factual finding of physical abuse for a temporary Order of Protection is not only improper under the terms of the statute, but is also unnecessary to satisfy the government's interest. In our view, the Legislature provided for an emergency hearing, for the benefit of victims of domestic violence and did not intend for these protections to establish collateral consequences for the alleged abuser. *Cf. State v. Dispoto,* 189 N.J. 108, 913 A.2d 791, 798 (2007) (stating "the remedial protections afforded under the [New Jersey Protection of Domestic Violence Act] are intended for the benefit of victims of domestic violence and are not meant to serve as a pretext for obtaining information to advance a criminal investigation against an alleged abuser"). Instead, we believe the Legislature intended for the findings, which result from an emergency hearing pursuant to section 20–4–50(a), to be temporary and confined to the Order of Protection. Implicit in this conclusion is that these findings cannot be used in future litigation unless they are confirmed in a subsequent hearing on the merits.

In reaching this conclusion, we need look no further than the terms of the Act. *See Beattie v. Aiken County Dep't of Soc. Servs.,* 319 S.C. 449, 452, 462 S.E.2d 276, 278 (1995) (recognizing that in interpreting a statute, our primary purpose is to ascertain the intent of the Legislature); *Id.* (" 'A statute as a whole must receive a practical, reasonable, and fair interpretation consonant with the purpose, design, and policy of the lawmakers.' " (quoting *Browning v. Hartvigsen,* 307 S.C. 122,

125, 414 S.E.2d 115, 117 (1992))). Specifically, we focus our analysis on the procedural prerequisites for petitioning for an emergency hearing as well as the proof required for the issuance of an Order of Protection.

In terms of procedure, it is significant to note that the Petition for an Order of Protection "must inform the respondent of the right to retain counsel." S.C.Code Ann. § 20-4-40(c) (Supp.2006). We interpret this requirement to mean that the Legislature intended for a respondent to have a meaningful opportunity to retain counsel in order to participate in a hearing conducted pursuant to the Act. Because section 20-4-50(a) authorizes a family court to conduct an emergency hearing "[w]ithin twenty-four hours after service of a petition," it would be nonsensical to believe that a respondent would be able to retain counsel and prepare for an adjudicative hearing within such a limited time frame. S.C.Code Ann. § 20-4-50(a) (Supp.2006). A strict reading of this statutory provision would mean that an emergency hearing could be conducted within mere hours of when a respondent was served with the petition. Clearly, we do not believe the Legislature intended for this result.

Furthermore, we glean additional support for our interpretation by comparing a related provision of section 20-4-50 with the above-quoted provision. Subsection (b) of this statute provides:

If the court denies the motion for a twenty-four-hour hearing or such a hearing is not requested, the petitioner may request and the court must grant a hearing within fifteen days of the filing of a petition. The court must cause a copy of the petition to be served upon the respondent at least five days prior to the hearing, except as provided in subsection (a), in the same manner required for service in the circuit courts. Where service is not accomplished five days prior to the hearing, the respondent, upon his motion, is entitled to a continuance until such time is necessary to provide for compliance with this section.

S.C.Code Ann. § 20-4-50(b) (Supp.2006). The significant difference between the procedures employed in each of the subsections is that the respondent is given a minimum of five days to obtain counsel and prepare for the hearing and may be

granted a continuance if the five days are not provided under subsection (b), whereas there is no mention of a continuance if an emergency hearing is conducted under subsection (a). Given that a respondent is not given a meaningful opportunity to retain counsel and prepare if a twenty-four-hour emergency hearing is requested and conducted, we conclude the Legislature intended for the emergency hearing to be temporary in nature. Inferentially, a hearing conducted pursuant to section 20-4-50(b), which provides a respondent an extended period of time in which to retain counsel and prepare his or her case, should be viewed as an adjudicative hearing on the merits of the action.

A review of the proof required for the issuance of an Order of Protection solidifies our conclusion that an order issued pursuant to a twenty-four-hour emergency hearing is intended to be temporary and not a final determination. For a court to issue an Order of Protection after an emergency hearing, a petitioner must prove the "allegation of abuse by a preponderance of the evidence." S.C.Code Ann. § 20-4-50(a)(Supp.2006). The statute further provides that "[a] prima facie showing of immediate and present danger of bodily injury, which may be verified by supporting affidavits, constitutes good cause for purposes of this section." *Id.* A review of these statutory prerequisites reveals that a definitive finding of physical abuse is not essential.

Although the Act defines "abuse" to include "physical abuse," "bodily injury," and "assault," it also recognizes that "the threat of physical harm" is sufficient to constitute a basis for the issuance of an Order of Protection as the result of an emergency hearing. S.C.Code Ann. § 20-4-20(a)(1) (1985 & Supp.2006). Furthermore, in our opinion, a showing of "immediate and present danger of bodily injury" denotes that the threat of a future occurrence provides the basis for an Order of Protection and, thus, a definitive finding of physical abuse is not mandated. Finally, we note that this type of finding would be sufficient to satisfy the provision of 18 U.S.C.A. § 922(g)(8)(C)(i), which only requires "a finding that such person represents a credible threat to the physical safety of such intimate partner or child."

Based on the foregoing, we hold that an Order of Protection issued pursuant to an emergency hearing is temporary and

that a hearing on the merits of the action should, if necessary, be conducted by the family court at a later date.[5] This procedure would then enable a petitioner and a respondent to procure counsel in order to actively and thoroughly participate in an adjudicative hearing on the merits of the action.[6]

## II. EQUAL PROTECTION

■ Finally, Husband claims the family court engaged in "invidious gender discrimination" by denying his motion for a continuance but offering Wife a continuance in order to provide her with more time to prepare or seek counsel.

As we understand this argument, Husband is primarily challenging the family court's decision not to grant a continuance as opposed to positing an argument that the Act violates the Equal Protection Clause. Thus, this argument is not in actuality an equal protection challenge. However, to the extent Husband's argument can be construed as such a challenge, we find this issue is without merit.

■ The Equal Protection Clauses of our federal and state constitutions declare that no person shall be denied the equal protection of the laws. U.S. Const. amend. XIV, § 1; S.C. Const. art. I, § 3. Equal protection requires "all persons to be treated alike under like circumstances and conditions, both in privileges conferred and liabilities imposed." *GTE Sprint Commc'ns Corp. v. Pub. Serv. Comm'n of South Carolina*, 288 S.C. 174, 181, 341 S.E.2d 126, 129 (1986). "Courts generally analyze equal protection challenges under one of three standards: (1) rational basis; (2) intermediate scrutiny;

---

5.  We note that if the findings are temporary, a respondent should no longer suffer the consequences under the federal statute given a respondent would no longer be "subject" to the court order. 18 U.S.C.A. § 922(g)(8) (2000 & Supp.2007); *cf. Weissenburger v. Iowa Dist. Court for Warren County*, 740 N.W.2d 431, 436 (Iowa 2007) (holding that Husband was prohibited from possessing firearms pursuant to 18 U.S.C.A. § 922(g)(8) where he was subject to a continuing no-contact order with Wife).

6.  In light of the problems highlighted by this case, we invite the Legislature to revise the Protection from Domestic Abuse Act in order to: clarify the non-adjudicative nature of the emergency hearing; and define the temporary status of an Order of Protection as well as the findings associated with the issuance of such an order.

or, (3) strict scrutiny." *Denene, Inc. v. City of Charleston*, 359 S.C. 85, 91, 596 S.E.2d 917, 920 (2004). "Gender-based classifications are not inherently suspect so as to be subject to strict scrutiny and will be upheld if they bear a fair and substantial relationship to legitimate state ends." *In the Interest of Joseph T.*, 312 S.C. 15, 16, 430 S.E.2d 523, 524 (1993). "For a gender-based classification to pass constitutional muster, it must serve an important governmental objective and be substantially related to the achievement of that objective." *State v. Wright*, 349 S.C. 310, 313, 563 S.E.2d 311, 312 (2002)(citing *Craig v. Boren*, 429 U.S. 190, 97 S.Ct. 451, 50 L.Ed.2d 397 (1976)). "A law will be upheld where the gender classification realistically reflects the fact that the sexes are not similarly situated in certain circumstances." *Id.*

In the instant case, the family court judge did not base her decision on gender, but rather on the respective posture of the parties, *i.e.*, that Wife was the "petitioner" and had the burden of establishing the need for an Order of Protection. As defined by section 20–4–20, a " '[p]etitioner' means the *person* alleging abuse in a petition for an order of protection." S.C.Code Ann. § 20–4–20(d) (1985) (emphasis added). A review of the quoted text as well the rest of the definitional section of the Act, reveals that the statute clearly utilizes the word "person," a non-gender specific term, to define the parties to an action for an Order of Protection. S.C.Code Ann. § 20–4–20(b), (d), & (e) (1985). Thus, there is no gender-based classification that would implicate a violation of the Equal Protection Clause. *See State v. Doe*, 46 Conn.Supp. 598, 765 A.2d 518, 523–27 (2000) (holding statutory classification of victim and a defendant involved in issuance of a protective order did not violate defendant's equal protection rights).

Furthermore, to the extent Husband attacks the family court's decision to deny his motion for a continuance, we find the family court did not abuse its discretion. *See Bridwell v. Bridwell*, 279 S.C. 111, 112, 302 S.E.2d 856, 858 (1983) (stating the grant or denial of a continuance is within the sound discretion of the trial judge and is reviewable on appeal only when an abuse of discretion appears from the record). Because, as previously discussed, Husband was provided with procedural due process at the hearing, we disagree with

Husband's contention that he was entitled to a continuance. Moreover, Husband subsequently retained counsel and was permitted to move for reconsideration of the order. Accordingly, Husband was not prejudiced by going forward with the emergency hearing. *Townsend v. Townsend,* 323 S.C. 309, 313, 474 S.E.2d 424, 427 (1996) (finding appellate court will not set aside a court's ruling on a motion for a continuance unless it clearly appears there was an abuse of discretion to the prejudice of the movant).

## CONCLUSION

Because Husband was provided procedural due process prior to the issuance of the Order of Protection, we affirm the decision of the family court. However, we find that an Order of Protection issued pursuant to an emergency hearing is temporary and does not represent a final adjudication of the merits of the action. Applying our decision to the instant case, we hold the finding of physical abuse was not a final adjudication and, therefore, should not be used against Husband in future litigation. Finally, we find neither the Act nor the family court's decision denying Husband a continuance constituted a violation of the Equal Protection Clause.

**AFFIRMED AS MODIFIED.**

MOORE, A.C.J., WALLER, PLEICONES, JJ., and Acting Justice J. ERNEST KINARD, Jr., concur.