**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

South Carolina Department of Social Services,
Respondent,

v.

Sheena Wells, Terrant Williams, Derrick Antonio Wells,
Sr., and John Doe, Defendants,

and

Jane and John Doe, Plaintiffs,

v.

South Carolina Department of Social Services, Sheena
Wells, Terrant Williams, Derrick Antonio Wells, Sr., and
John Doe, Defendants,

Of whom Terrant Williams is the Appellant.

In the interest of a minor under the age of eighteen.

Appellate Case No. 2018-002029

———————

Appeal From Spartanburg County
James F. Fraley, Jr., Family Court Judge

———————

Unpublished Opinion No. 2019-UP-350
Heard August 28, 2019 – Filed October 23, 2019

———————

**REVERSED AND REMANDED**

Kimberly Yancey Brooks, of Kimberly Y. Brooks, Attorney at Law, of Greenville, for Appellant.

John Brandt Rucker, of The Rucker Law Firm, LLC, of Greenville, Guardian ad Litem for Appellant.

Robert C. Rhoden, III, of the South Carolina Department of Social Services, of Spartanburg, for Respondent.

Wendy Nicole Griffith, of Talley Law Firm, P.A., of Spartanburg, for the Guardian ad Litem for the minor child.

**PER CURIAM:** Terrant Williams (Father) appeals the family court's order terminating his parental rights to his minor child. On appeal, Father—who was incarcerated in Texas at the time of the termination of parental rights (TPR) hearing—argues the family court denied him due process of law by refusing to allow him to testify by telephone during the hearing. We reverse and remand for a new TPR hearing.

"In appeals from the family court, this [c]ourt reviews factual and legal issues de novo." *Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011). This court reviews the family court's evidentiary and procedural rulings using an abuse of discretion standard. *See Stoney v. Stoney*, 422 S.C. 593, 595 n.2, 813 S.E.2d 486, 487 n.2 (2018). "Procedural '[d]ue process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses.'" *Moore v. Moore*, 376 S.C. 467, 473, 657 S.E.2d 743, 746 (2008) (alteration in original) (quoting *Clear Channel Outdoor v. City of Myrtle Beach*, 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007)). "Due process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur." *S.C. Dep't of Soc. Servs. v. Beeks*, 325 S.C. 243, 246, 481 S.E.2d 703, 705 (1997). "The fundamental requirement of due process is the opportunity to be heard at a meaningful time and

in a meaningful manner." *Id.* "A parent's interest in the accuracy and justice of the decision to terminate his or her parental status is . . . a commanding one." *Lassiter v. Dep't of Soc. Servs.*, 452 U.S. 18, 27 (1981). "Parental rights warrant vigilant protection under the law and due process mandates a fundamentally fair procedure when the state seeks to terminate the parent-child relationship." *S.C. Dep't of Soc. Servs. v. Cochran*, 364 S.C. 621, 626, 614 S.E.2d 642, 645 (2005).

"A person imprisoned outside this [s]tate shall appear by guardian ad litem [(GAL)] in an action by or against him . . . ." Rule 17(c), SCRCP. Rule 17(c) "serve[s] as a procedural protection for prisoners, who although not mentally deficient or legally incompetent, nevertheless are burdened with the physical restraint of imprisonment." *Gossett v. Gilliam*, 317 S.C. 82, 84, 452 S.E.2d 6, 7 (Ct. App. 1994). The South Carolina Rules of Civil Procedure are applicable to proceedings in family court. *See* Rule 2(a), SCRFC ("[T]he South Carolina Rules of Civil Procedure (SCRCP) shall be applicable in domestic relations actions to the extent permitted by Rule 81, SCRCP."); Rule 81, SCRCP ("[The South Carolina Rules of Civil Procedure] shall apply insofar as practicable in . . . family courts to the extent they are not inconsistent with the statutes and rules governing those courts.").

At the outset of the TPR hearing, the family court noted that in an off-the-record conference, all parties had agreed Father would be connected to the courtroom via telephone. Father's counsel then moved the family court to allow Father to testify by telephone.[1] None of the parties objected to this request. The family court denied the motion but allowed Father to participate by listening to the proceedings over the phone. The court stated it did not believe it had the authority to allow the testimony, expressed concern that it did not know who was on the other end of the telephone, and noted Father had a GAL present and a deposition could have been taken in advance of the hearing. At the conclusion of the hearing, the family court noted that several months prior to the TPR hearing, another family court judge issued an order granting Father's request to "participate by phone" in the TPR hearing. Father's counsel did not expressly reference this prior order when he moved to allow Father to testify or argue the parties understood the word "participate" to mean "testify." Nevertheless, based upon our review of the record, the arguments raised by Father's counsel and GAL, and the inferences to be drawn therefrom, we find it was Father's understanding and expectation that he would be allowed to testify by telephone at the TPR hearing.

---

[1] Father was also represented by a GAL at the TPR hearing.

Under these facts, we find the family court's refusal to allow Father to testify by phone deprived him of due process.[2]  Initially, we acknowledge the rules only appear to require that "[a] person imprisoned outside this [s]tate shall appear by [GAL] in an action by or against him."  Rule 17, SCRCP.  However, the procedural safeguard of appointing a GAL to represent Father was insufficient to satisfy the requirements of due process in this instance.  Nothing in Rule 17 prevents the family court from permitting a parent who is incarcerated out-of-state from testifying by telephone in a TPR hearing.  Further, none of the parties objected to Father testifying by telephone, and Father's GAL indicated a corrections officer of the institution could have verified Father's identity.  We find the court failed to provide adequate justification for refusing to allow Father's telephonic testimony, especially considering a prior order allowed him to participate by phone, none of the parties objected, and his identity was not in question.[3]  Although this state has not recognized that a parent has a due process "right to testify" in TPR proceedings, our courts have acknowledged "[d]ue process is a flexible concept, and the requirements of due process in a particular case are dependent upon the importance of the interest involved and the circumstances under which the deprivation may occur."  *Beeks*, 325 S.C. at 246, 481 S.E.2d at 705.  Given the interest at stake, the fact Father was incapable of appearing in court to present his oral testimony due to his physical restraint, and the family court's lack of sufficient justification for its refusal to allow Father to testify, we find the court denied Father the opportunity to be heard at a meaningful time and in a meaningful manner.  Thus, under the narrow circumstances of this case, the family court's refusal to allow Father to testify by phone deprived him of due process.  Accordingly, the ruling of the family court is

**REVERSED AND REMANDED.**

**WILLIAMS, GEATHERS, and HILL, JJ., concur.**

---

[2] Our decision is limited to the facts of this case and should not be read to require family courts to allow an incarcerated parent to testify by phone in every case.

[3] We note that under section 63-15-320(B) of the Uniform Child Custody Jurisdiction and Enforcement Act, the family court may permit an individual residing in another state to testify by phone; however, this provision does not speak directly to incarcerated individuals.  *See* S.C. Code Ann. § 63-15-320(B) (2010) ("A court of this [s]tate may permit an individual residing in another state to be deposed or to testify by telephone, audiovisual means, or other electronic means before a designated court or at another location in that state.").