**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Russell L. Bauknight, as Trustee of the James Brown 2000 Irrevocable Trust and the James Brown Legacy Trust, as Personal Representative of the Estate of James Brown, and on behalf of Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child, James B. II; Daryl J. Brown, individually and on behalf of his minor child, Janise B.; Lindsey Delores Brown; Deanna J. Brown Thomas; Jason Brown-Lewis; Yamma N. Brown, individually and on behalf of her minor children Sydney L. and Carrington L.; Tonya Brown; Venisha Brown; Larry Brown; and Terry Brown

And

Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child, James B. II; Daryl J. Brown, individually and on behalf of his minor child Janise B.; Lindsey Delores Brown; Deanna J. Brown Thomas; Jason Brown-Lewis; Yamma N. Brown, individually and on behalf of her minor children Sydney L. and Carrington L.; Tonya Brown; Venisha Brown; Larry Brown; and Terry Brown, Plaintiffs,

Of whom Russell L. Bauknight, as Trustee of the James Brown 2000 Irrevocable Trust and the James Brown Legacy Trust, as Personal Representative of the Estate of James Brown, and on behalf of Alan Wilson, in his capacity as Attorney General of the State of South Carolina; Tommie Rae Brown, individually and on behalf of her minor child, James B. II; Daryl J. Brown,

individually and on behalf of his minor child, Janise B.;
Lindsey Delores Brown; Deanna J. Brown Thomas;
Jason Brown-Lewis; Yamma N. Brown, individually and
on behalf of her minor children Sydney L. and
Carrington L.; Tonya Brown; Venisha Brown; Larry
Brown; and Terry Brown

And

Tommie Rae Brown, individually and on behalf of her
minor child, James B. II; Daryl J. Brown, individually
and on behalf of his minor child Janise B.; Lindsey
Delores Brown; Deanna J. Brown Thomas; Jason Brown-
Lewis; Yamma N. Brown, individually and on behalf of
her minor children Sydney L. and Carrington L.; Tonya
Brown; Venisha Brown; Larry Brown; and Terry Brown
are Respondents,

v.

Adele J. Pope and Robert L. Buchanan, Jr., Defendants,

Of whom Adele J. Pope is the Appellant.

Appellate Case No. 2018-002229

————————

Appeal From Richland County
Doyet A. Early, III, Circuit Court Judge
L. Casey Manning, Jr., Circuit Court Judge

————————

Unpublished Opinion No. 2022-UP-346
Heard February 8, 2022 – Filed August 24, 2022

————————

**AFFIRMED IN PART, DISMISSED IN PART**

————————

Charles E. Carpenter, Jr., of Carpenter Appeals & Trial Support, LLC, Adam Tremaine Silvernail, of Law Ofc. of Adam T. Silvernail, Daryl L. Williams, of Gertz & Moore, LLP, all of Columbia; and William Jeffrey Smith, of Newberry, for Appellant.

Kenneth B. Wingate, Mark V. Gende, and Aaron Jameson Hayes all of Sweeny Wingate & Barrow, PA, all of Columbia; and Everett Augustus Kendall, II, of Murphy & Grantland, PA, of Columbia, for Respondents.

---

**PER CURIAM:** Adele J. Pope's current appeal of twenty-five circuit court orders arises from the voluminous litigation following the death of the famous singer and entertainer, James Brown. Pope has again appealed the circuit court's order denying her motion to dismiss Respondents' 2010 complaint against her and Robert Buchanan, Jr. Pope also appeals the circuit court's orders relating to Respondents' motion for summary judgment on her counterclaims, as well as several other orders relating to her involvement as a former special administrator, personal representative (PR), and trustee of Brown's Estate. We dismiss Pope's second attempt to appeal the denial of her motion to dismiss. As to the remaining orders, we affirm.

**Facts and Procedural History**

Upon his death on December 25, 2006, Brown left behind an estate estimated to be worth between $5 million and $100 million. After some of Brown's relatives became suspicious of prior PRs and trustees, Pope and Buchanan were appointed as special administrators. While overseeing the PRs/trustees' work in their capacities as special administrators, Pope and Buchanan uncovered serious financial misconduct, which ultimately led to the court's 2007 appointment of Pope and Buchanan as replacement PR/trustees.

Pope and Buchanan served in these capacities until May 26, 2009, when the circuit court approved a settlement negotiated by then-Attorney General Henry McMaster. The settlement plan removed Pope and Buchanan and replaced them with Russell Bauknight. Pope and Buchanan appealed, arguing the settlement's terms were contrary to Brown's desire that the majority of his estate go to charity. In *Wilson v. Dallas*, 403 S.C. 411, 448, 743 S.E.2d 746, 766 (2013), our supreme court set aside the settlement but affirmed Pope and Buchanan's removal, finding an irreconcilable

conflict existed between Pope and Buchanan and certain parties who expressed continuing opposition to their actions.

Unfortunately, *Wilson* addressed only a fraction of the litigation that has ensued since Mr. Brown's death. On May 19, 2010, Respondents filed this action for breach of fiduciary duty, breach of trust, and negligence arising from Pope and Buchanan's alleged failure to properly administer the Brown Estate. Respondents claim this maladministration caused significant financial damage to the Estate. Initially, Pope and Buchanan moved to dismiss and change venue; however, they subsequently answered and asserted multiple counterclaims.

On November 9, 2010, the circuit court denied Pope and Buchanan's motions to dismiss and change venue. On November 10, 2010, Pope and Buchanan filed an affidavit of default asserting Respondents failed to timely respond to their counterclaims. Respondents then filed an answer addressing the counterclaims, along with a motion to set aside the entry of default.[1]

In 2011, Pope appealed the circuit court's orders denying her motions to dismiss, to change venue, and to alter or amend. We dismissed that appeal, finding "the orders challenged on appeal are not immediately appealable."

On May 19, 2011, Pope filed a motion seeking, among other things, to disqualify the law firm of Sweeny, Wingate & Barrow from representing the Attorney General and enjoining Russell Bauknight, who was then trustee and PR of the Brown Estate, from purporting to speak on behalf of the Attorney General. Following a hearing, the circuit court denied Pope's motion.

The circuit court granted Respondents' motion to set aside the entry of default, and Respondents subsequently moved for summary judgment on Pope's counterclaims. Following a hearing, the Honorable Doyet A. Early, III, granted summary judgment.

In 2017, the circuit court granted the Attorney General's motion to withdraw as a party under Rule 21, SCRCP. Pope appealed, and this court affirmed in part and dismissed in part in an unpublished opinion, *Bauknight as Trustee of James Brown 2000 Irrevocable Tr. v. Pope*, Op. No. 2020-UP-216 (S.C. Ct. App. filed Sept. 16,

---

[1] In 2012, Buchanan settled all claims with Respondents; thus, he is not a party to this appeal.

2020). We also found the circuit court correctly recognized the Attorney General's interest in protecting the charitable beneficiaries. *Id.*

**Law and Analysis**

### I. Motion to Dismiss

Pope argues the circuit court erred in failing to dismiss Respondents' complaint under Rules 12(b)(6), (7), and (8), SCRCP. As noted above, Pope previously appealed this order in 2011. We find the order denying Pope's motion to dismiss is still not appealable.

"Denials of Rule 12(b)(6) motions are not immediately appealable." *Weaver v. Brookdale Senior Living, Inc.*, 431 S.C. 223, 234, 847 S.E.2d 268, 274 (Ct. App. 2020); *see also Breland v. Love Chevrolet Olds, Inc.*, 339 S.C. 89, 93, 529 S.E.2d 11, 13 (2000) ("Currently, this Court does not allow immediate appellate review of the *denial* of any Rule 12(b), SCRCP motion."). "Although there are no cases addressing appealability in the context of a Rule 12(b)(7) motion, the appellate courts generally do not allow immediate appellate review of the denial of Rule 12(b) motions." Jean Hoefer Toal et al., *Appellate Practice in South Carolina* 149 (3d ed. 2016). Similar to the denial of a motion for summary judgment, "the denial of a motion to dismiss does not establish the law of the case and the issue raised by the motion can be raised again at a later stage of the proceedings." *McLendon v. S.C. Dep't of Highways & Pub. Transp.*, 313 S.C. 525, 526 n.2, 443 S.E.2d 539, 540 n.2 (1994).

Here, the circuit court's order denying Pope's motion to dismiss does not establish the law of the case, affect a substantial right, or prevent Pope from raising her defenses at an appropriate stage of the litigation.

### II. Motion for Summary Judgment

Pope argues the circuit court erred in granting Respondents summary judgment on her counterclaims. We disagree—summary judgment was appropriate.

"When reviewing the grant of summary judgment, the appellate court applies the same standard applied by the [circuit] court pursuant to Rule 56(c), SCRCP." *Garrard v. Charleston Cty. Sch. Dist.*, 429 S.C. 170, 189, 838 S.E.2d 698, 708 (Ct. App. 2019) (alteration in original) (quoting *Fleming v. Rose*, 350 S.C. 488, 493, 567 S.E.2d 857, 860 (2002)). Under Rule 56(c),

The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

"Collateral estoppel, also known as issue preclusion, prevents a party from relitigating an issue that was decided in a previous action, regardless of whether the claims in the first and subsequent lawsuits are the same." *Carolina Renewal, Inc. v. S.C. Dep't of Transp.*, 385 S.C. 550, 554, 684 S.E.2d 779, 782 (Ct. App. 2009). "The party asserting collateral estoppel must demonstrate that the issue in the present lawsuit was: (1) actually litigated in the prior action; (2) directly determined in the prior action; and (3) necessary to support the prior judgment." *Id.*

The grounds for Respondents' motion for summary judgment are based on their contention that *Wilson* conclusively established facts precluding Pope's counterclaims as a matter of law. In *Wilson*, the supreme court affirmed the circuit court's "for cause" removal of Buchanan and Pope from their fiduciary roles and made other findings which establish a meritorious basis for Respondents' claims. 403 S.C. at 448, 743 S.E.2d at 766. Specifically, the court found "the circuit court did not violate the statutory provisions regarding the removal of personal representatives. *Notice and a hearing were provided, and the court had cause to remove [Pope] as it was in the best interests of the estate.*" *Id.* (emphasis added). The court cited the following specific examples of conduct necessitating Pope's removal:

We are also aware that Appellants have sought $5 million in fees for their services as fiduciaries for a relatively short interval of time. In addition, [Pope] sought and obtained permission from the circuit court to sell iconic assets from Brown's estate in order to raise funds, and a large portion of the amount raised went first to pay Appellants' own attorneys' fees. [Pope] also unsuccessfully attempted to sell Brown's GRAMMY award at auction; the process was halted only because officials from the National Academy of Recording Arts and Sciences reclaimed the award after informing

> Appellants that it was a longstanding policy that the
> award could not be sold by recipients or anyone acting on
> their behalf. These actions and the extreme discord
> between the parties convince us that Appellants'
> continued service as fiduciaries is not in the best interests
> of the estate.

*Id.* at 448–49, 743 S.E.2d at 766–67. Certain issues regarding Pope's removal for cause were necessarily determined by the supreme court in *Wilson*. Thus, the elements for collateral estoppel have been met as to the majority of Pope's counterclaims because her removal for cause was (1) actually litigated; (2) directly determined by the court; and (3) necessary to support the prior judgment. Notably, the supreme court expressly determined Pope had notice and a hearing on the question of her removal for cause. Therefore, Pope was afforded a full and fair opportunity to litigate the question of her removal. We briefly address the merits of Pope's counterclaims below.

### A. Civil Conspiracy Counterclaim

Initially, we note Respondents' prosecution of this suit for breach of fiduciary duty is neither an "unlawful act [n]or a lawful act by unlawful means." *Paradis v. Charleston Cty. Sch. Dist.*, 433 S.C. 562, 574, 861 S.E.2d 774, 780 (2021). While the *Wilson* court questioned whether Respondents' claims there were "asserted in good faith since the primary claim asserted by the parties as a basis for discarding Brown's testamentary documents, undue influence, was of dubious validity," 403 S.C. at 442, 743 S.E.2d at 763, the court recognized the evidence of maladministration, self-dealing, and extreme discord between the parties. *Id.* at 448-49, 743 S.E.2d at 766-67. To the extent the supreme court's findings in *Wilson* do not bar Pope's current claims, we find Pope has not put forth the evidence necessary to support a claim of civil conspiracy.

### B. Abuse of Process Counterclaim

Regarding Pope's counterclaim for abuse of process, we are unable to find any evidence in the record demonstrating Respondents had an ulterior purpose in filing their complaint. *See Hainer v. Am. Med. Int'l. Inc.*, 328 S.C. 128, 136, 492 S.E.2d 103, 107 (1997) ("Some definite act or threat not authorized by the process or aimed at an object not legitimate in the use of the process is required."); *see also First Union Mortg. Corp. v. Thomas*, 317 S.C. 63, 74–75, 451 S.E.2d 907, 914 (Ct. App. 1994) ("An ulterior purpose exists if the process is used to gain an objective

not legitimate in the use of the process. However, there is no liability when the process has been carried to its authorized conclusion, even though with bad intentions."). At oral argument, the panel repeatedly asked Pope what evidence she could produce to support this cause of action, such as an affidavit of either of the attorneys to whom Pope alleges an extortive threat of litigation was made. Other than Pope's own conclusory allegations, no such evidence was forthcoming. Thus, we find the circuit court did not err in granting summary judgment on Pope's abuse of process counterclaim.

### C. Fraud Counterclaim

In referencing *Forlando J. Brown v. Adele J. Pope*, Case No.: 3:08cv00014-WOB, 2014 WL 12622445 (D.S.C. March 28, 2014), the circuit court correctly noted the federal court's order was persuasive because, although considering the claims of different plaintiffs, it addressed "the exact same counterclaims that Mrs. Pope has made in the instant case." With respect to Pope's statutory violation claim, the district court found that although Pope made claims about certain statements of the opposing party, she failed to "explain how any such statements were fraudulent or constituted circumvention of the Probate Code." *Id.* at *7. The same is true here.

As to the allegations in Pope's brief regarding the former Attorney General, Pope argues for the first time on appeal that the Attorney General joined with Forlando Brown and Terry Brown to defraud the court regarding the valuation of the Brown Estate. *See Wilder Corp. v. Wilke*, 330 S.C. 71, 76, 497 S.E.2d 731, 733 (1998) ("It is axiomatic that an issue cannot be raised for the first time on appeal, but must have been raised to and ruled upon by the trial judge to be preserved for appellate review."). Thus, this argument is not properly before us.

Additionally, Pope claims the Attorney General failed to address certain matters regarding the correct heirs to the Brown Estate in circuit court case 2008-CP-02-0872. Pope brought this claim on September 10, 2010, more than two years after the Attorney General entered the 2008 agreement. Therefore, such a claim fails as a matter of law due to the two-year statute of limitations. *See* S.C. Code Ann. § 62-1-106 (2022) ("Any proceeding must be commenced within two years after the discovery of the fraud, but no proceeding may be brought against one not a perpetrator of the fraud later than five years after the time of commission of the fraud."). Moreover, Pope lacks standing to raise claims on behalf of the Estate or the Trust due to her removal as PR and trustee. *See Wilson*, 403 S.C. at 448, 743 S.E.2d at 766 (holding the circuit court had cause to remove Buchanan and Pope and replace them with a professional fiduciary).

**D. Tortious Interference with Contractual Relations Counterclaim**

Although we disagree with some of the circuit court's legal analysis addressing Pope's counterclaim for tortious interference with contractual relations, we agree that Pope has failed to present any evidence demonstrating Respondents intentionally procured the breach of a contract (*i.e.*, Pope's appointment by court order) without justification. *See e.g.*, *Forlando Brown* at *7 ("Pope and Buchanan were appointed by Judge Early to act as PRs and Trustees of James Brown's Estate. Even assuming that this arrangement constitute[s] a 'contract,' defendants have adduced no evidence that plaintiff intentionally procured the 'breach' of that agreement.").

Accordingly, we find Pope's counterclaims fail as a matter of law and the circuit court properly granted Respondents' motion for summary judgment. Furthermore, to the extent Pope seeks to assert claims on behalf of the Estate, she lacks standing to do so due to her removal as PR and trustee.

## III. Due Process

Pope next alleges the Attorney General and the circuit court violated her due process rights; however, she presented a only brief argument on this point and failed to cite any authority to support it. *See* Rule 208(b)(1)(E), SCACR (requiring "discussion and citations of authority" for each issue in an appellant's brief); *see also State v. Lindsey*, 394 S.C. 354, 363, 714 S.E.2d 554, 558 (Ct. App. 2011) ("An issue is deemed abandoned and will not be considered on appeal if the argument is raised in a brief but not supported by authority."); *Glasscock, Inc. v. U.S. Fid. & Guar. Co.*, 348 S.C. 76, 81, 557 S.E.2d 689, 691 (Ct. App. 2001) ("South Carolina law clearly states that short, conclusory statements made without supporting authority are deemed abandoned on appeal and therefore not presented for review.").

Even if Pope had not abandoned this issue, we would find no due process violation. Although Pope argues she has been denied a right to "a level playing field," she has not identified *how* her rights to due process have purportedly been violated. *See e.g., Moore v. Moore*, 376 S.C. 467, 472, 657 S.E.2d 743, 746 (2008) ("In order to prove a denial of substantive due process, a party must show that he was arbitrarily and capriciously deprived of a cognizable property interest rooted in state law."); *id.* at 473, 657 S.E.2d at 746 ("Procedural '[d]ue process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce

evidence; and (4) the right to confront and cross-examine witnesses.'" (alteration in original) (quoting *Clear Channel Outdoor v. City of Myrtle Beach*, 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007)); *id.* (explaining the procedural due process requirements in a particular case "depend on the importance of the interest involved and the circumstances under which the deprivation may occur").  And other than the attorney's fees she contends she is owed, Pope has failed to identify any "cognizable property interest rooted in state law."[2]  *Id.* at 472, 657 S.E.2d at 746 (quoting *Sloan v. S.C. Bd. of Physical Therapy Exam'rs*, 370 S.C. 452, 483, 636 S.E.2d 598, 614 (2006), *overruled on other grounds by Joseph v. S.C. Dep't of Lab., Licensing and Regul.*, 417 S.C. 436, 790 S.E.2d 763 (2016)).

**Conclusion**

For the foregoing reasons, we again dismiss Pope's appeal of the orders denying her motion to dismiss and affirm as to the remaining orders.

**AFFIRMED IN PART, DISMISSED IN PART.**

**THOMAS, MCDONALD, and HEWITT, JJ., concur.**

---

[2] Issues relating to Pope's claim for fees and commission were addressed in *Pope v. Estate of James Brown and the James Brown 2000 Irrevocable Tr.*, Op. No. 2022-UP-229 (S.C. Ct. App. filed May 25, 2022).