**THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

Clark D. Thomas, Appellant,

v.

Rachel M. Crowley, Respondent.

Appellate Case No. 2023-000620

―――――――――――――

Appeal From Charleston County
Spiros S. Ferderigos, Family Court Judge

―――――――――――――

Unpublished Opinion No. 2026-UP-229
Submitted April 1, 2026 – Filed May 13, 2026

―――――――――――――

**AFFIRMED**

―――――――――――――

Clark D. Thomas, of Columbia, pro se.

Laree Anne Hensley, of Laree A. Hensley Attorney at
Law, of North Charleston, for Respondent.

―――――――――――――

**PER CURIAM:**  Clark D. Thomas (Husband) appeals the family court's order denying his motion to vacate the final divorce order requiring him to pay Rachel M. Crowley's (Wife's) attorney's fees within thirty days of his release from incarceration.  On appeal, Husband argues the family court erred by finding that (1) section 63-3-530(A)(25) of the South Carolina Code (2010) did not confer subject matter jurisdiction to vacate the order for him to pay Wife's fees, (2) Wife's

attorney did not fail to disclose that Wife did not incur attorney's fees, and (3) Husband's due process rights were not violated. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the family court did not find it lacked subject matter jurisdiction to hear the case; rather, the court exercised its jurisdiction and determined Husband's motion to vacate lacked merit. *See Simmons v. Simmons*, 392 S.C. 412, 414, 709 S.E.2d 666, 667 (2011) ("In appeals from the family court, [the appellate court] reviews factual and legal issues de novo."); *S.C. Dep't of Soc. Servs. v. Meek*, 352 S.C. 523, 530, 575 S.E.2d 846, 849 (Ct. App. 2002) ("Subject matter jurisdiction is the power of a court to hear and determine cases of the general class to which the proceedings in question belong." (quoting *Pierce v. State*, 338 S.C. 139, 150, 526 S.E.2d 222, 227 (2000))); S.C. Code Ann. § 63-3-530(A)(2) (2010) (stating the family court has jurisdiction to hear and determine actions for attorney's fees); § 63-3-530(A)(25) (stating the family court has exclusive jurisdiction to modify or vacate any order issued by the family court).

2. We hold the family court did not err in denying Husband's motion to vacate the final divorce decree because the judgment was not void, Husband failed to show it was no longer equitable to enforce the order, and the record contained no evidence that Wife acted with unclean hands. *See Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, [the appellate court] reviews factual and legal issues de novo."); Rule 60(b), SCRCP ("[T]he court may relieve a party . . . from a final judgment, order, or proceeding for . . . (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b) [of the South Carolina Rules of Civil Procedure]; (3) fraud, misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; [or] (5) . . . it is no longer equitable that the judgment should have prospective application."); *id.* (stating for actions involving newly discovered evidence, fraud, misrepresentation, or other misconduct of an adverse party, the motion must be made within a "reasonable time" and "not more than one year after the judgment, order or proceeding was entered or taken"); *Rodman v. Rodman*, 361 S.C. 291, 295, 604 S.E.2d 399, 401 (Ct. App. 2004) ("The definition of 'void' under Rule 60(b) 'only encompasses judgments from courts which failed to provide proper due process, or judgments from courts which lacked subject matter jurisdiction or personal jurisdiction.'" (quoting *McDaniel v. U.S. Fid. & Guar. Co.*, 324 S.C. 639, 644, 478 S.E.2d 868, 871 (Ct. App. 1996))); *Mullarkey v. Mullarkey*, 397 S.C. 182, 191, 723 S.E.2d 249, 254 (Ct. App. 2012) ("[R]elief under Rule 60(b)(5) is available only in cases of fraud upon the court or 'rare, special, exceptional or unusual circumstances that may warrant equitable relief, including

accident or mistake.'" (quoting *Mr. T v. Ms. T*, 378 S.C. 127, 135, 662 S.E.2d 413, 417 (Ct. App. 2008))); *Lewis v. Lewis*, 392 S.C. 381, 386, 709 S.E.2d 650, 652 (2011) ("The family court is a court of equity."); *Wilson v. Gandis*, 430 S.C. 282, 308, 844 S.E.2d 631, 645 (2020) ("The doctrine of unclean hands 'precludes a plaintiff from recovering in equity if he acted unfairly in a matter that is the subject of the litigation to the prejudice of the defendant.'" (quoting *Ingram v. Kasey's Assocs.*, 340 S.C. 98, 107 n.2, 531 S.E.2d 287, 292 n.2 (2000))).

3.  We hold the family court did not err because Husband's due process rights were not violated.  *See Simmons*, 392 S.C. at 414, 709 S.E.2d at 667 ("In appeals from the family court, [the appellate court] reviews factual and legal issues de novo."); *Moore v. Moore*, 376 S.C. 467, 472, 657 S.E.2d 743, 746 (2008) ("No person shall be deprived of life, liberty, or property without due process of law."); *id.* at 473, 657 S.E.2d at 746 ("Procedural '[d]ue process requires (1) adequate notice; (2) adequate opportunity for a hearing; (3) the right to introduce evidence; and (4) the right to confront and cross-examine witnesses.'" (alteration in original) (quoting *Clear Channel Outdoor v. City of Myrtle Beach*, 372 S.C. 230, 235, 642 S.E.2d 565, 567 (2007))).

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and CURTIS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.